**DAH CHONG HONG, LTD., Plaintiff,**

v.

**SILK GREENHOUSE, INC., et al., Defendants.**

No. 89–674–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 6, 1989.

Carl D. Motes, Maguire, Voorhis & Wells, P.A., Orlando, Fla., for plaintiff.

Robert V. Williams, Taub & Williams, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTION TO DISMISS AND STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss Counts I, III, IV, V, VI and VII and motion to dismiss or strike claims for punitive damages and injunctive relief, filed June 16, 1989, and response thereto, filed June 26, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

■ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla. 1978), citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis. 1981).

Complaint in this cause was filed May 12, 1989, against Silk Greenhouse, Inc. (Greenhouse), Jere Bradwell, and D. Von Adkins. The complaint contained the following causes of action: 1) violation of 18 U.S.C. Section 1962(c), RICO Act; 2) breach of contract only against Defendant Greenhouse; 3) unjust enrichment only against Defendant Greenhouse; 4) common law fraud only against Defendant Greenhouse; 5) equitable fraud only against Defendant Greenhouse; 6) tortious interference with contractual relations, including employee piracy, only against Defendant Greenhouse; 7) theft of trade secrets only against Defendant Greenhouse; and 8) default of guaranties as to Defendants Bradwell and Adkins. Defendants seek dismissal of all counts except II (breach of contract) and VIII (default on guaranties).

COUNT I

As to Count I (RICO violations), Defendants allege that the complaint fails to state a cause of action. Initially, Defendants assert that the complaint fails to allege the commission of any predicate act in violation of the RICO Act by Defendants Bradwell and Adkins.

■ This portion of the motion to dismiss is based on Defendants' assertion that the complaint fails to comply with Rule 9(b), Fed.R.Civ.P., which requires pleading fraud with particularity. Fulfillment of the particularity standard requires the complaint to give defendants fair notice of the nature of the claim, notice of the grounds the claim rests on, and must be based on a reasonable belief that a wrong has been committed. *Zuckerman v. Franz*, 573 F.Supp 351, 355–56 (S.D.Fla.1983).

Rule 9(b) is satisfied if there is sufficient identification of the circumstances constituting fraud so an adequate answer may be prepared. *Lipton v. Documation, Inc.*, [1982 Transfer Binder] Fed.Sec.L.Rep. (CCH) 98, 788, 1982 WL 1324 (M.D.Fla. 1982), citing *Denny v. Carey* 72 F.R.D. 574 (E.D.Pa.1976).

Rule 9(b) must be read in conjunction with Rule 8, Fed.R.Civ.P., notice pleading. The application of Rule 9(b) should not abrogate the concept of notice pleading. The Eleventh Circuit has stated that: "Allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be plead-

ed with particularity ..." *Durham v. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir.1988). The Court, after review of the complaint, is satisfied that it sufficiently pleads fraud.

■ Defendants next assert that Count I should be dismissed because Plaintiff has adequate common law remedies. In this circuit it appears that a plaintiff must have been injured by a pattern of racketeering activity, a showing that a party has committed two "indictable" acts. *Banco de Desarrollo Agropecuario v. Gibbs*, 640 F.Supp. 1168 (S.D.Fla.1986). Acts that are part of the same scheme or transaction can qualify as distinct predicate acts. *Bank of America v. Touche Ross & Co.*, 782 F.2d 966 (11th Cir.1986). The Supreme Court during the last term stated:

> ... developing a meaningful concept of "pattern" within the existing statutory framework has proved to be no easy task.

> It is, nevertheless, a task we must undertake in order to decide this case. Our guides in the endeavor must be the text of the statute and its legislative history. We find no support in those sources for the proposition, espoused by the Court of Appeals for the Eighth Circuit in this case, that predicate acts of racketeering may form a pattern only when they are part of separate illegal schemes. Nor can we agree with those courts that have suggested that a pattern is established merely proving two predicate acts, (cite omitted), or with *amici* in this case who argue that the word "pattern" refers only to predicates that are indicative of a perpetrator involved in organized crime or its functional equivalent. In our view, Congress had a more natural and commonsense approach to RICO's pattern element in mind, intending a more stringent requirement than proof simply of two predicates, but also envisioning a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that were related and that amounted to, or threatened the likelihood of, continued criminal activity.

*H.J., Inc. v. Northwestern Bell Telephone Co.*, — U.S. —, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

The Court went on to state that the intent of Congress was that, to prove a pattern of racketeering activity, the plaintiff must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity. *Id.*, — U.S. at —, 109 S.Ct. at 2900–01. Whether the predicates proved establish a threat of continued racketeering activity depends on the specific facts of each case. *Id.*, — U.S. at —, 109 S.Ct. at 2902.

The Court finds that the complaint pleads, with sufficient particularity, two or more acts of racketeering activity, including wire and mail fraud. Plaintiff may be able to prove that the multiple predicates alleged constituted a "pattern" by establishing that they satisfy the requirements of relationship and continuity. The motion to dismiss Count I will be denied.

COUNT III

■ Defendants seek to dismiss Count III (unjust enrichment) because Plaintiff has adequate remedy at law. Defendants assert that it is clear that a cause of action for unjust enrichment is not available where there is an enforceable agreement that the complaint alleges express agreements in effect; and, therefore, that the count should be dismissed.

Plaintiff agrees with the allegation of the motion that a claim for unjust enrichment is not available where there exists an enforceable agreement. However, Plaintiff alleges that he should be allowed to plead unjust enrichment as an alternative to the breach of contract claim. The Court agrees.

COUNTS IV AND V

Defendants assert that Counts IV and V should be dismissed for failure to state a cause of action. The first allegation of this section of the motion to dismiss is that the complaint fails to comply with Rule 9(b), Fed.R.Civ.P. The Court has already considered this question in the earlier discussion of Count I and rejected the assertion.

Next Defendants assert that the allegation of fraud relates to promises of future performance (the promise to pay for goods sixty (60) days after receipt) and is not actionable fraud under Florida law. A promise is actionable fraud where a promisor had "a positive intent not to perform" or where the promise was made without a present intent to perform. *Bissett v. Ply-Gem Industries, Inc.*, 533 F.2d 142, 145 (5th Cir.1976).

Plaintiff pleads, and Defendants admit the complaint contains the assertions, that Defendant Greenhouse did not intend to perform the promise. Rule 9(b) provides that "malice, intent, knowledge, and other conditions of mind" may be generally averred. The complaint is sufficient in this regard.

As to Count V for equitable fraud, the motion asserts that the complaint fails to allege sufficient ultimate facts to allege that cause of action which requires either: 1) the existence of a fiduciary relationship, 2) that the facts were solely in the knowledge of the representor, or 3) that a trick had prevented independent investigation of representee, before there is a duty to disclose.

Plaintiff states that it has alleged that the facts were solely in the knowledge of Defendant (the fact being that Defendant had no intention of paying for the goods received) and that by trickery (the hiring away of all employees involved in the account) Defendant prevented Plaintiff from investigation. It is not the Court's role on a motion to dismiss to evaluate the complaint as to the likelihood of proving the claims. The complaint must stand if there are any facts alleged which, if proven, would entitle Plaintiff to relief. The complaint alleges such facts, the sufficiency of which will be judged by the trier of fact.

COUNT VI

Count VI asserts a claim for tortious interference with contractual relations, including employee piracy. The elements of a claim for tortious interference with a business relationship are: 1) the existence of an advantageous business relationship under which the plaintiff has legal rights; 2) an intentional and unjustified interference with the relationship; 3) resulting in damage to plaintiff. *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1104-05 (11th Cir.1983).

Defendants assert that the complaint fails to sufficiently allege ultimate facts of the existence of a relationship, business or contractual, under which it has legal rights. Defendants state that the allusion of the complaint to "contractual relations" is a conclusion of law and is not backed up by sufficient ultimate facts to sustain the count. Further, Defendants assert that the complaint fails to allege the contracts in question were not terminable at will and that the complaint fails to sufficiently allege injury.

Rule 8, Fed.R.Civ.P. requires plaintiff to present a short and plain statement of the claim and it need be no more than a simple, concise, direct statement. The complaint meets this pleading standard. As to the claim that the complaint failed to allege the contracts were not terminable at will, Plaintiff contends this is an affirmative defense which is to be pled by Defendants. The Court agrees.

The last claim of Defendant is that the complaint fails to sufficiently allege damages. The Court does not agree; see paragraphs 20 and 21 of the complaint.

COUNT VI

Defendants seek to have Count VI, theft of trade secrets, dismissed for failure to state a claim on which relief may be granted. Florida law defines "trade secret" as information, including a formula, pattern, program, device, method, technique or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Section 688.002(4), Florida Statutes.

Defendants maintain that the complaint fails to allege either of the elements de-

fined at 4(a) and (b). The Court finds the memorandum of Plaintiff in opposition persuasive on this issue and finds the complaint sufficient.

## PUNITIVE DAMAGES

█ Defendants seek to have the claims for punitive damages stricken from Counts IV, V, VI, and VII pursuant to Section 768.72, Florida Statutes. Section 768.72 prohibits a claim for punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." This section is substantive and in a diversity case must be applied. *Smith v. Department of Insurance,* 507 So.2d 1080, 1092 (Fla.1987).

The Court agrees with Defendants that the requirements of Section 768.72 have not been met. The claims for punitive damages shall be dismissed without prejudice and Plaintiff may make motion to amend the complaint to include punitive damages at a time when the requirements are fulfilled.

## INJUNCTIVE RELIEF

█ Defendants final assertion is that the request for injunctive relief in Counts VI and VII should be stricken for failure to state a claim. Pursuant to Rule 1.06(b), Local Rules of the Middle District, if a pleading contains a prayer for injunctive relief the title of the pleading "shall" include the words *Injunctive Relief Sought* or the equivalent. The complaint herein fails to adhere to the requirement of Rule 1.06(b); therefore, the motion to strike the prayer for injunctive relief should be granted. Accordingly, it is

ORDERED that the motion to dismiss be denied; the motion to strike the claims for punitive damages be granted, without prejudice to refile at the appropriate time; and the motion to strike the prayer for injunctive relief be granted.

DONE and ORDERED.