**Bernard CITRON and Sylvia Citron, his wife, Plaintiffs,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

**No. 89–1375–Civ.**

United States District Court, S.D. Florida.

Oct. 4, 1989.

David M. Lipman, Miami, Fla., for plaintiffs.

Joel R. Wolpe, Miami, Fla., for Carey Canada.

Dan B. Guernsey, Coral Gables, Fla., for Crown, Cork & Seal.

Susan Cole, Coral Gables, Fla., for Eagle Picher.

Luis Bustamonte, Miami, Fla., Robert A. Hannah, Orlando, Fla., for Fibreboard, Owens Illinois.

C. Michael Evert, Jr., Atlanta, Ga., for H.K. Porter.

Roger G. Welcher, Miami, Fla., for U.S. Mineral Products.

Virginia E. Johnson, Miami, Fla., for W.R. Grace.

Norwood S. Wilner, Jacksonville, Fla., for Armstrong, GAF, Keene, National Gypsum, U.S. Gypsum, Amchem and A.P. Green.

## MEMORANDUM OPINION

NESBITT, District Judge.

The court is presented with the issue of whether section 768.72 of the Florida Statutes, which prohibits a claim for punitive damages unless a reasonable basis exists for their recovery, is applicable in federal diversity cases. The court concludes that it is not.

On July 1, 1986, the Florida legislature added to its civil code a new section entitled "Pleading in civil actions; claim for punitive damages." Section 768.72 [1] provides that:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Based on this section, defendants in federal diversity actions have routinely moved to strike a plaintiff's prayer for punitive damages by attacking the lack of evidentiary basis for such recovery immediately upon the filing of a complaint. Plaintiffs have countered that the section is procedural in nature and thus inapplicable in federal diversity actions. These same arguments have been advanced in this asbestos litigation.

The court begins its analysis with the holding of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that federal diversity courts must follow state substantive law [2] and federal procedural law. After adopting an "outcome determinative" test in *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the United States Supreme Court nine years later retreated from this view, endorsing instead a "balancing" approach by which a federal court

---

1. This section, an integral part of Florida's Tort Reform and Insurance Act of 1986, appears in the "Negligence" chapter of the Florida code.

2. The state law to be applied, of course, is the law of the forum state. *See Erie*, 304 U.S. at 78, 58 S.Ct. at 822.

weighed the federal interest in uniform process versus the state interest in uniformity of results. *Byrd v. Blue Ridge Rural Electric Corp.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1956). Another nine years later, however, the Court clarified its prior holdings, noting that the "outcome-determinative" test must be read with reference to the dual aims of *Erie:* discouragement of forum-shopping and avoidance of inequitable administration of the laws. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). State procedural rules are applied in federal diversity actions if an inequitable administration of law would result in not applying them. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). However, the federal rule will be applied in a federal diversity case if: (1) the federal rule directly conflicts with the state law; (2) the federal rule is procedural in nature and is within the scope of the Enabling Act, 28 U.S.C. § 2072; and (3) the federal rule is constitutional. *See Hanna*, 380 U.S. at 471, 85 S.Ct. at 1143.

The Florida statute at issue here, by prohibiting a claim for punitive damages unless there is evidence in the record or proffered by the plaintiff providing for a reasonable basis for recovery of such damages, is in direct conflict with Federal Rule of Civil Procedure 9(g) ("When items of special damages are claimed, they shall be specifically stated"). Rule 9(g) unambiguously requires a plaintiff to set forth a demand for punitive damages in its complaint. Accordingly, *Erie* precludes this court from "void[ing] a Federal Rule." *Hanna*, 380 U.S. at 470, 85 S.Ct. at 1143. *See also Hanna*, 380 U.S. at 473–74, 85 S.Ct. at 1145–46 ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress'

attempt to exercise that power in the Enabling Act.") (footnote omitted).

Defendants advance the familiar argument, however, that the Florida Supreme Court has interpreted section 768.72 as being a substantive law for purposes of *Erie.* The court disagrees with Defendants' assertion. In *Smith v. Dept. of Insurance*, 507 So.2d 1080 (Fla.1987), the constitutionality of section 768.72 was challenged. Specifically, the issue in *Smith* was whether the state legislature had the power to change a pleading requirement of the Florida Rules of Civil Procedure, or whether this was an unconstitutional encroachment on the judiciary by the legislative branch. Although the Florida Supreme Court used the terms "substantive" and "procedural," it was deciding a matter of Florida constitutional law. The Florida Supreme Court would have no reason to decide whether section 768.72 was considered substantive or procedural in federal diversity actions, and indeed it was not doing so. The Supreme Court of Florida merely concluded that the legislature's "substantive" power to enact section 768.72 did not violate the Florida Constitution's separation of powers clause. *Smith*, 507 So.2d at 1092. Accordingly, *Smith* simply does not stand for the proposition that section 768.72 is a substantive law to be applied in federal diversity cases.[3]

The Eleventh Circuit recently interpreted a different Florida statutory provision as a procedural rule under *Erie.* In *Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir.1987), the court found a Florida statute relating to notice in governmental tort actions to be "procedural." The section construed there, 768.28(6), requires a plaintiff with a claim against the state or one of its agencies to present his or her claim in writing to the appropriate state agency before filing suit in court. Further, that section provides for a six-month waiting period during which the plaintiff cannot file suit while the state reviews his or her claim. The Eleventh

---

**3.** Therefore, the court disagrees with the conclusion reached in the following cases: *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072 (M.D.Fla.1988) (available on LEXIS and WESTLAW) (holding that section 768.72 is sub-

stantive and applicable in federal diversity actions); *Bankest Imports, Inc. v. Isca Corp.*, 717 F.Supp. 1537 (S.D.Fla.1989) (same); *Lewis v. Snap-On Tools Corp.*, 708 F.Supp. 1260, 1262 (M.D.Fla.1989) (same).

Circuit found that "even if Florida law requires, without exception, a trial court to dismiss a complaint filed less than six months after notice, such a Florida rule would be procedural for purposes of the Erie doctrine." *Lundgren,* 814 F.2d at 606.[4]

The court's conclusion is buttressed by other courts' interpretations of similar state punitive damage statutes. In *Berry v. Eagle–Picher,* 1989 WL 77764 (N.D.Ill. June 26, 1989) (available on LEXIS and WESTLAW), the court was faced with an Illinois statute which prohibits a demand for punitive damages in certain types of actions until the court is satisfied after a mandatory hearing that there is a reasonable likelihood that plaintiff will prove facts at trial sufficient to support an award of punitive damages. In finding this provision to be procedural, the court noted that the Federal Rules of Civil Procedure govern the *procedure* for pleading a claim of punitive damages, though substantive state law governs the cause of action which may be alleged.

Moreover, in *NAL II., Ltd. v. Tonkin,* 705 F.Supp. 522, 527 (D.Kan.1989), the court held that a Kansas statute requiring court approval in tort actions before punitive damages could be pleaded was procedural. It reasoned that the state statutory provision which prohibited the pleading of punitive damages in a party's initial complaint "cannot co-exist with Rule 9(g)'s requirement that such claims be specifically stated in the complaint." *Id.* Further, the court observed that, assuming *arguendo* that the state and federal rules were not in conflict, the failure to apply the state law in a federal diversity case would not result in an inequitable administration of the law.

The court noted that a federal judge ultimately must determine whether it is appropriate to instruct a jury or otherwise allow recovery on the issue of punitive damages based upon the evidence presented at trial. Therefore, "[t]he only difference resulting from the state law's application is the time in the life of the lawsuit when the court determines whether the claim for punitive damages is appropriate," a difference not material to the result of the litigation. *Id.* at 529.

To summarize, the court finds that section 768.72 is procedural because: (1) section 768.72 conflicts with Federal Rule of Civil Procedure 9(g); (2) section 768.72 is clearly a pleading statute and, indeed, is labelled as such, and pleading requirements under the Florida Rules of Civil Procedure are more stringent than those under the Federal Rules of Civil Procedure[5]; and (3) even assuming that the Florida and Federal rules do not conflict, no inequitable administration of law will result by not applying section 768.72 in federal diversity actions, as the only practical difference between the Florida statute and the Federal Rules of Civil Procedure relates to the posture in the lawsuit in which a court decides whether a claim for punitive damages is appropriate.[6]

For these reasons, the court finds that section 768.72 of the Florida Statutes is procedural and therefore inapplicable in federal diversity actions.

---

**4.** Unlike the provision interpreted in *Lundgren,* where no comparable Federal Rule of Civil Procedure existed which governed notification in governmental tort actions, section 768.72 has a counterpart Federal Rule of Civil Procedure. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 750 n. 9, 100 S.Ct. 1978, 1985 n. 9, 64 L.Ed.2d 659 (1980) (noting that the Federal Rules "should be given their plain meaning").

**5.** *Compare* Fla.Rules Civ.Proc.Rule 1.110(b)(2) (pleading must set forth "ultimate facts showing that the pleader is entitled to relief") *with* Feder-

al Rule of Civil Procedure 8(a)(2) (pleading must set forth "a short and plain statement of the claim").

**6.** The legal basis under Florida law for the recovery of punitive damages in products liability cases is well established, and awards of punitive damages in asbestos lawsuits have been upheld by Florida courts. *See, e.g., Johns–Manville Sales Corp. v. Janssens,* 463 So.2d 242, 249 (1st Fla.Dist.Ct.App.1984).