# In re SOUTHEAST BANKING CORPORATION SECURITIES and LOAN LOSS RESERVES LITIGATION

## No. MDL94–1000.

United States District Court,
S.D. Florida.

June 11, 2001.

---

Mark David Bloom, Greenberg Traurig, Miami, FL, John Wesley Kozyak, Kozyak, Tropin, & Throckmorton, Miami, FL, Kendall Brindley Coffey, Carla M. Barrow, Kendall Coffey, Miami, FL, Robert A. Julian, Murphy, Sheneman, Julian & Rogers, San Francisco, CA, for William A. Brandt, Jr.

Thomas B. Mimms, Jr., Robert Wilson Clark, Macfarlane, Ferguson & McMullen, Tampa, FL, for Resolution Trust.

Robert Thomas Wright, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, FL, for Florence S. Bassett.

Aaron Samuel Podhurst, Podhurst, Orseck & Josefsberg, Miami, FL, Stuart J. Baskin, Shearman & Sterling, New York City, for Donald N. Boyce.

Aaron Samuel Podhurst, Podhurst, Orseck & Josefsberg, Miami, FL, Michael Grant Tanner, Holland & Knight, Jacksonville, FL, Stuart J. Baskin, Shearman & Sterling, New York City, for Joseph A. Boyd, M. Anthony Burns, Edward D. Duda, Alfonso Fanjul, Jr., James J. Forese, R. Ray Goode, H. C. Henry, Jr., Melvin Jacobs, Kennth O. Johnson, Nicholas Deb. Katzenbach, James W. McLamore, Willie C. Robinson, and Dorothy C. Weaver.

Aaron Samuel Podhurst, Podhurst, Orseck & Josefsberg, Miami, FL, Michael Grant Tanner, Holland & Knight, Allison Graham Allen, Jr., Allen Brinton & Simmons, Jacksonville, FL, Stuart J. Baskin, Shearman & Sterling, New York City, Frank Lowrey, Bondurant Mixson & Elmore, Atlanta, GA, for J. Steven Wilson.

Michael Nachwalter, Brian F. Spector, Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, Miami, FL, Jerome G. Snider, John Clarke, Davis, Polk, & Wardell, New York City, Michael H. Pryor, Davis, Polk & Wardwell, Washington, DC, for Charles J. Zwick.

Glenn Alan Taylor, Tallahassee, FL, for Robert F. Milligan.

Joseph A. DeMaria, Cornelius Thomas Tew, Jr., Tew, Cardenas, Rebak, Kellogg,Lehman, DeMaria & Tagul, Miami, FL, for Steel Hector & Davis.

Michael Nachwalter, Harry Richard Schafer, Kenny Nachwalter, Seymour, Arnold, Critchlow & Spector, Robert C. Josefsberg, Aaron Samuel Podhurst, Podhurst, Orseck, Josefsberg, Thomas Meeks, Zuckerman, Spaeder, Taylor & Evans, Miami, FL, Charles P. Pillans, III, Bedell, Dittmar, DeVault, Pillans & Coxe, Jacksonville, FL, Stuart J. Baskin, James Warnot, Jr., Shearman & Sterling, for Director and Officer Defendants'.

Craig W. Budner, Andrea D. Levin, Hughes & Luce, Dallas, TX, Arley D. Finley, III, Diamond, McCarthy, Taylor & Finley, Austin, TX, Allan B. Diamond, Diamond, McCarthy, Taylor & Finley, Houston, TX, James D. McCarthy, J. Gregory Taylor, Diamond, McCarthy, Taylor & Finley, Dallas, TX, Jeffrey Haines Beck, Fort Lauderdale, FL, for Southeast Banking Corporation.

Karen Wildau, Randall L. Hughes, Richard C. Mitchell, Christopher P. Galanek,

Daniel R. King, Jeffrey D. Raquin, Adrienne E. Marting, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, Mary P. Davis, FDIC, Washington, DC, for Federal Deposit Insurance Corporation.

Michael R. Josephs, Tamara Dawn McKeown, Josephs, Jack & Gaebe, Miami, FL, Craig W. Budner, Andrea D. Levin, Hughes & Luce, Dallas, TX, Frank Lowrey, Bondurant, Mixson & Elmore, Atlanta, GA, Arley D. Finley, III, Diamon, McCarthy, Taylor, & Finley, Austin, TX, for Jeffrey H. Beck.

**K. MICHAEL MOORE, District Judge.**

THIS CAUSE came before the Court upon Defendant Steel Hector & Davis' Motion to Dismiss, filed November 11, 2000 (DE # 216, Case No. 95–2553). On the same day, thirty-four individual defendants filed a notice of joinder in the renewed motion to dismiss (DE # 217, Case No. 95–2553).

UPON CONSIDERATION of the Motion, response, pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

In this case, the Plaintiff, Jeffrey H. Beck, as Trustee of Southeast Banking Corporation ("Southeast"), is seeking to recover damages from the law firm Steel Hector & Davis ("Steel Hector") for malpractice allegedly committed by Steel Hector in its representation of Southeast. Generally, the Trustee alleges that Steel Hector ignored its obligations to Southeast, and instead facilitated the efforts of the company's Directors and Officers to entrench themselves, and also attempted to fortify its own relationship with Southeast. In the Second Amended Complaint, the Trustee sets forth several distinct transactions in which Steel Hector allegedly committed malpractice in its representation of Southeast, and several acts by Steel Hector that were allegedly aimed at preventing Southeast or the Trustee from discovering this malpractice.

In August 1997, Chief Judge Davis granted Steel Hector's motion for summary judgment on the grounds that the Statute of Limitations had expired (DE # 205, Case No. 95–2553). In September 2000, that ruling was reversed by the Eleventh Circuit, which found that factual issues surrounding the running of the Statute of Limitations precluded the entry of summary judgment against the Trustee (DE # 214, Case No. 95–2553). The case was then remanded and assigned to the undersigned. On November 27, 2000, Steel Hector filed the motion to dismiss now pending before the Court in which Steel Hector seeks to renew the grounds for dismissal it presented in its 1997 motion to dismiss, which were not ruled on by Judge Davis and not addressed by the Eleventh Circuit (DE # 216, Case No. 95–2553).

## DISCUSSION

### I. The "Loan Practices Report" Allegations

In his Second Amended Complaint, the Trustee alleges that Steel Hector was asked to "undertake an insider/outsider review of what they believed to be the generic reasons for our historic risk related loss experience at Southeast."[1] The Trustee further alleges that the report prepared by

1. Second Amended Complaint, ¶ 81.

Steel Hector was nothing more than a "whitewash designed to ensure that the Officers' and Directors' mismanagement continued unabated and undiscovered."[2]

In its renewed motion to dismiss, Steel Hector argues for the dismissal of these allegations because the Trustee lacks standing to assert them. Steel Hector's argument runs as follows: The report was requested from Steel Hector by Southeast Bank, a subsidiary corporation—not by Southeast Banking Corporation, the holding company now represented by the Trustee. Consequently, any cause of action for malpractice committed in the preparation of the report would belong to the subsidiary bank, not the holding company. Since it has already been decided that the Federal Deposit Insurance Company (the "FDIC"), and *not* the holding company, inherited the subsidiary bank's rights, the Trustee cannot, under the doctrine of collateral defensive estoppel, argue that he inherited the subsidiary bank's cause of action.[3]

Looking only at the four corners of the Complaint, the Court is unable to conclude, at the motion to dismiss stage, that the Trustee lacks standing to assert claims arising out of the so-called "loan practices report." Though Steel Hector contends that the report was commissioned by the subsidiary and not by the holding company, the Trustee clearly alleges in Paragraph 81 of the Second Amended Complaint that *the holding company* asked Steel Hector to prepare the report.[4] Furthermore, the Trustee alleges that, even if the report was commissioned by the subsidiary, the holding company was an intended third party beneficiary.

█ On a motion to dismiss, the Court must construe the Complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Accepting the Trustee's allegations as true, the Court cannot find that the Complaint is defective as to standing. If the Trustee proves his allegations that Southeast requested the report or that Southeast was an intended beneficiary, as defined by Florida malpractice law, then he may have standing to pursue this claim. Therefore, the issue is better addressed in the context of a motion for summary judgment.

█ Next Steel Hector argues that the loan loss report allegations should be dismissed because the Trustee previously represented, both in his initial memorandum in opposition to Steel Hector's motion to dismiss, filed October 18, 1996, and in his brief to the Eleventh Circuit, filed September 8, 1998, that he would dismiss the allegations without prejudice to reinstatement if evidence is discovered demonstrating that the report was prepared for the holding company. Steel Hector is presumably relying on the doctrine of judicial estoppel, which is "intended to prevent a litigant from 'playing fast and loose with the courts.'" *Smith v. Avatar Properties*,

---

2. *Id.* at ¶ 87.

3. *See* Renewed Motion to Dismiss, p. 8.

4. Specifically, the Trustee alleges that "Southeast" commissioned the report. In the Complaint, the Trustee designates the term "Southeast" to refer to Southeast Banking Corporation and not to the subsidiary Southeast Bank. *See* Second Amended Complaint, p. 1.

*Inc.*, 714 So.2d 1103, 1107 (Fla. 5th DCA 1998). In order for the Court to determine that the elements of judicial estoppel have been satisfied, it would have to find that Steel Hector detrimentally relied on the Trustee's representations. *See Vining v. Segal*, 773 So.2d 1243 (Fla. 3rd DCA 2000). Evidence has not been presented on this issue, and indeed, cannot be presented for the purposes of resolving the motion to dismiss. See *McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss*, 704 So.2d 214, 215 (Fla. 2nd DCA 1998) (holding that the trial court erroneously granted a motion to dismiss on the basis of judicial estoppel because it considered evidence outside the complaint). Therefore, the Court finds that the doctrine of judicial estoppel does not require dismissal at this stage. Of course, if Steel Hector still believes that the Trustee should be estopped from pursuing these allegations because of his prior statements, it may revisit the issue in a motion for summary judgment at the appropriate time.

## II. The "Misleading Securities Filings" Allegations

The Trustee also alleges that Southeast's Officers and Directors, with the cooperation and assistance of Steel Hector attorneys, misrepresented Southeast's financial condition in Southeast's Securities and Exchange Commission ("SEC") filings. Specifically, the Trustee alleges that the Officers and Directors and Steel Hector became aware of Southeast's declining financial condition no later than the end of the Third Quarter of 1988, yet continued to file 10–K and 10–Q forms with the SEC that painted a positive picture of Southeast's financial condition. Furthermore, the Trustee alleges that, had Steel Hector fulfilled its duties to Southeast, the shareholders would have learned of the peril of the company in time to save it.

Steel Hector argues that this claim should be dismissed because the filings are not misleading as a matter of law. Steel Hector relies extensively on an order by Chief Judge Davis in the related case *Resolution Trust v. Blumberg* (Case No. 94–1258).[5] In the *Blumberg* order, Chief Judge Davis engaged in a detailed analysis of the same or similar financial representations at issue here, and concluded that the Directors' and Officers' representations about the company's financial condition were not misleading as a matter of law.[6] The Court finds that the *Blumberg* order is not dispositive of the "Misleading Securities Filings" allegations in the case at bar because the *Blumberg* case involved different parties in a different case. Nonetheless, the *Blumberg* order may certainly be considered as persuasive authority when this Court engages in a *de novo* determination of the issue.

■ However, the Court does not at this time have before it the briefing necessary to reach an independent conclusion on whether the filings are misleading as a matter of law. Perhaps because Steel Hector anticipated that the Court would find the *Blumberg* order dispositive, and not engage in an independent review, Steel Hector did not extensively brief the issue. Rather, Steel Hector indicated that it

---

**5.** *See* Steel Hector's Renewed Motion to Dismiss the Amended Complaint, Ex. A.

**6.** The *Blumberg* order was a ruling on a summary judgment motion. However, the Court

may now consider SEC filings at the motion to dismiss stage, under the authority of *Bryant v. Avado Brands, Inc.* 187 F.3d 1271 (11th Cir.1999).

would adopt the arguments made by the Directors and Officers in the *Blumberg* case, which were attached as an exhibit to Steel Hector's 1996 motion to dismiss, at docket entry number 138, but not attached to its current motion.[7] While Steel Hector's position may have merit, the Court will not decide this crucial issue in the absence of full briefing by the parties currently before it.

Therefore, the motion to dismiss the "Misleading Securities Filings" allegations must be denied without prejudice. Given the imminence of the closure of discovery, and the proximity of the summary judgment motion deadline, the issue would likely be more effectively and efficiently resolved at the summary judgment stage.

### III. The "American Pioneer Transaction" Allegations

 The Trustee also alleges that a substantial factor in the bankruptcy was the purchase by Southeast of thirteen branches of American Pioneer. The Trustee claims that American Pioneer agreed to the deal because of various misrepresentations made by Southeast and Steel Hector attorneys, including the misleading SEC filings, discussed *supra*, a letter drafted by Steel Hector attorneys for the Chief Executive Officer of American Pioneer (the "Zwick letter"), and oral misrepresentations at the Closing. The Trustee further alleges that this deal was a key component of the attempts of the Directors and Officers to entrench themselves in Southeast, and that Steel Hector facilitated the deal with knowledge that it was not in the best interests of Southeast.

The motion to dismiss the "American Pioneer Transaction" allegations should be

denied for the same reasons set forth above. The parties have not extensively briefed the issue of whether the financial representations at issue were misleading, but instead rely largely on the *Blumberg* order. Therefore, the motion to dismiss the "American Pioneer Transaction" allegations must also be denied without prejudice. Again, given the imminence of the closure of discovery, and the proximity of the summary judgment motion deadline, the issue would likely be more effectively and efficiently resolved at the summary judgment stage.

### IV. The "Woolsey Payments" Allegations

. The Trustee also alleges in the Complaint that in 1986 Steel Hector made a severance agreement with a partner who then became inside counsel for Southeast, so that Southeast would have no motive to sue Steel Hector for malpractice. Steel Hector asserts that these allegations should be dismissed because the right of a departing attorney to receive a severance payment for the goodwill left behind with his law firm was approved by the American Bar Association and by the Florida Bar.[8] The Trustee agrees that the bar rules permit payments to departing partners, but argues that the payments may still support a cause of action when it is alleged that the payments are intended to compromise the independence of the departing attorney. The Court agrees.

Steel Hector further urges that the "Woolsey Payments" allegations cannot stand alone as an independent cause of action because proximate cause is lacking, and that the allegations should therefore

---

**7.** *See* Steel Hector's Renewed Motion to Dismiss the Amended Complaint, p. 15, n. 8.

**8.** *See* Renewed Motion to Dismiss, p. 10.

be dismissed. At oral argument before the undersigned on May 24, 2001, the Trustee conceded that the "Woolsey Payments" allegations do not constitute a separate cause of action. The Trustee indicated that he only included the allegations to ensure that discovery could be had on the issue, and as support for the other claims.

■ Had the "Woolsey Payments" allegations been set forth in the Complaint as a separate cause of action for malpractice, the Court would have been inclined to dismiss them. A count cannot remain if it does not state a cause of action. However, these allegations have not been pled as a separate count or cause of action, but rather as one of a series of acts contributing to an ultimate injury. Therefore, the motion to *dismiss* these allegations should be construed as a motion to *strike* the allegations.

■ Motions to strike, however, are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *See Dickinson v. McCarty,* 1994 WL 706979, *6 (S.D.Fla.) (motion for reconsideration granted in par with respect to other findings); *see also Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.,* 719 F.Supp. 1072, 1073 (M.D.Fla.1989). Indeed, in *Dickinson,* Judge Davis found that even if certain allegations in the complaint are not actionable standing alone, they should remain in the complaint because they "can be used as factual evidence going toward other claims that are cognizable." 1994 WL 706979 at *6. The Court cannot find, at this stage, that the "Woolsey Payments" allegations bear no possible relation to the controversy, or that they should be stricken simply because they cannot stand alone

as an independent cause of action. *See id.* Therefore, the motion must be denied with respect to the "Woolsey Payments" allegations.

## V. Document Concealment

Finally, the Trustee alleges that after the bankruptcy of Southeast, Steel Hector interfered with the Trustee's investigation by concealing documents relating to the firm's representation of Southeast in critical transactions. The Trustee further alleges that in 1995 he discovered the "Stockpile Memorandum," which revealed that in 1991, before the regulators seized the subsidiary bank, Steel Hector stockpiled these critical documents, though it had, for years, denied the existence of these documents.

■ Steel Hector objects to these allegations on the grounds that Steel Hector's production of documents to the Trustee and to the FDIC was controlled by several court orders, and could not, therefore, give rise to a cause of action. The Trustee responds that the issue of Steel Hector's compliance with the court orders are for determination by the Court in a motion for summary judgment or by the jury at trial. The Court agrees with the Trustee; in order to resolve the issue it would have to look beyond the four corners of the Complaint, which the Court cannot do at this stage. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984).

■ Steel Hector further argues that the allegations cannot remain in the Complaint because they do not state an independent cause of action. Steel Hector urges that, because the allegations involve actions occurring after the bankruptcy, any concealment cannot possibly have *caused* the bankruptcy. However, as set

forth above, because the allegations have not been pled as a separate cause of action, it is not necessary that they be able to stand alone. In order to strike these allegations, the Court would have to find that they "have no possible relation to the controversy and may cause prejudice to one of the parties." *Dickinson v. McCarty,* 1994 WL 706979, *6 (S.D.Fla.); *see also Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.,* 719 F.Supp. 1072, 1073 (M.D.Fla.1989). However, these allegations are in fact highly relevant to the controversy, and central to the statute of limitations issues. Therefore, the "document concealment" allegations should not be dismissed at this stage.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion be, and the same is hereby, DENIED.