758 F.2d 409
 Robert C. HATCH and Claudia R. Hatch; and Trustors of
Heritage Trust Company, Plaintiffs-Appellants,
v.
RELIANCE INSURANCE COMPANY and Walter C. Madsen, Receiver
for Heritage Trust Company, Defendants-Appellees.
 No. 84-1967.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 15, 1985.
Decided April 16, 1985.
 
 Robert B. Cumming, Camano Island, Wash., for plaintiffs-appellants.
 Jack R. Cunningham, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before DUNIWAY, HUG, and SKOPIL, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 This matter is before the court on a number of issues. A recitation of the procedural history of this case will aid in an understanding of the court's resolution of the issues.
 
 I.
 
 2
 In 1972 appellee Reliance Insurance Co. ("Reliance") issued a fidelity bond to Heritage Trust Co. ("Heritage"). The bond, under which Reliance agreed to indemnify Heritage for losses it incurred due to fraud by its employees, was canceled in 1974. By its terms, the bond did not indemnify or run to the benefit of any trustor or investor of Heritage. This is a fact appellants continue to dispute.
 
 
 3
 In 1975 appellants Robert and Claudia Hatch, trustors of Heritage, brought suit in Galveston County, Texas against Heritage and various Heritage employees alleging inter alia fraud. Reliance was not a party to this action. The Hatches had the summons and complaint served on the Texas Secretary of State, and obtained a default judgment against Heritage and its members for more than $129,000.00.
 
 
 4
 Thereafter, in an unrelated proceeding, the Superior Court of Arizona ("receivership court") appointed a Receiver to take possession and control of the assets of Heritage.
 
 
 5
 In July 1976 the Receiver filed an action on behalf of Heritage in Superior Court of Arizona seeking to recover on the fidelity bond. The Receiver's action alleged fraud by Heritage employees. It also alleged that Reliance negligently issued the bond and negligently failed to discover that Heritage misrepresented the nature of the bond to prospective investors.
 
 
 6
 After the Receiver instituted the action, the Hatches instituted a garnishment action against Reliance in Galveston County, Texas seeking to recover the amount of their previously entered default judgment from the proceeds of the fidelity bond.
 
 
 7
 Reliance, faced with potentially inconsistent claims (i.e., the Receiver's action and the Hatches' garnishment action), instituted an interpleader action and deposited the full amount of the bond in the United States District Court for the District of Arizona. The Receiver filed an answer requesting a judgment in its favor on the bond. A further request was asserted that the court decline jurisdiction over the claim alleging Reliance's negligence in issuing the bond. The Hatches filed an answer alleging a priority claim to the bond proceeds based on the default judgment and the Galveston garnishment action.
 
 
 8
 In March 1978 the district court in Arizona entered an order which inter alia (1) permanently enjoined all parties from instituting or proceeding in any suit pertaining to Reliance's liability on the bond, and (2) ordered the interpleader defendants, the Receiver and the Hatches, to litigate all claims pertaining to the bond in the interpleader action in federal district court in Arizona.
 
 
 9
 The Receiver sought and obtained leave of the district court to amend its answer to add a counterclaim asserting a negligence claim against Reliance. The counter-claim asserted that Reliance was liable to the Receiver, because Reliance knew or should have known of the fraud by Heritage employees, specifically, the employees' misrepresentations to the public concerning the terms of the bond. The Receiver alleged that Heritage investors, like the Hatches, relied on the false representations to their detriment.
 
 
 10
 In 1980 the Hatches filed a declaratory judgment motion claiming priority in the bond proceeds. The motion was denied. The Hatches' motion for a new-trial was also denied. The Hatches appealed to this court. A memorandum disposition was issued affirming the district court. Reliance v. Koeb, 665 F.2d 1053 No. 80-5277 (9th Cir.1981) (unpublished disposition). Appellants' petition for rehearing was denied and the suggestion for rehearing en banc was rejected. The Hatches' petition for a writ of certiorari was similarly denied.
 
 
 11
 Reliance and the Receiver moved to terminate further participation by the Hatches in the interpleader action. Appellants' counsel opposed the motion and sought to litigate additional claims based on Reliance's alleged negligence in issuing the bond.
 
 
 12
 In January 1982 judgment was entered terminating appellants' participation in the interpleader action. No appeal was taken from that judgment.
 
 
 13
 The Receiver and Reliance reached a settlement resolving the remaining claims in the interpleader action. As required by state law, the settlement was submitted to the state receivership court which in turn submitted the settlement to all interested parties. The Hatches filed objections to the settlement. The receivership court denied the Hatches' objections and directed the Receiver to effect the settlement. No appeal was taken from this order. The settlement was consummated and the interpleader action was dismissed with prejudice.
 
 
 14
 After the denial of their petition for a writ of certiorari from the Ninth Circuit's ruling, the Hatches returned to Galveston County and filed a second state action against Reliance. The Hatches again sought recovery on the bond and further sought to have the Texas court declare the interpleader proceedings null and void. The Hatches specifically requested the state court to declare that rulings of the federal court were "based on gross errors of law by the U.S. District Court for Arizona" which were "compounded by the U.S. Court of Appeals for the Ninth Circuit." The Hatches further maintained that by denying certiorari the "U.S. Supreme Court denie[d] full judicial review" and that "the only available remedy for such injustices on the federal level is for the courts of the sovereign states of the union to reassert jurisdiction."
 
 
 15
 Reliance sought to have appellants and their counsel held in contempt of the prior order of the district court of Arizona. Reliance further sought removal of the second Galveston County, Texas action to federal district court for the Southern District of Texas. Appellants opposed removal and sought remand. The Texas district court upheld the removal and further ordered the case transferred, pursuant to 28 U.S.C. Sec. 1404(a), to the district court in Arizona. Finally, the Texas district court denied appellants leave to amend their complaint to add additional parties but granted leave to amend to remove the contemptuous claims.
 
 
 16
 The Hatches sought relief from the orders of the Texas district court by filing a petition for a writ of mandamus in United States Court of Appeals for the Fifth Circuit. The petition was denied. Appellants' petition for a writ of certiorari was also denied.
 
 
 17
 The contempt matter pending in the district court of Arizona was proceeding. Following a show cause hearing and a sanction hearing in the contempt action, appellants were told by the judge that the second Galveston County action was in contempt of prior court orders. Appellants' attorney was told by the judge to withdraw all claims in the Texas court which were contemptuous. Appellants advised the federal district court in Arizona that the Texas court pleadings had been amended in conformance with the court's contempt order. In light of the appellants' attorney's representations that "[he had] done what he could to comply with orders of this Court," the federal district court in Arizona found that appellants' attorney had purged himself of contempt.
 
 
 18
 Meanwhile, the transferred action made its way to the district court in Arizona. It showed that despite appellants' attorney's representations to the contrary, appellants had failed to amend their pleadings to remove claims found to be contemptuous.
 
 
 19
 At a March 1984 status conference held in the transferred action, appellee Reliance contended that all appellants' claims should be dismissed. The court directed Reliance "to file a motion to dispose of this case." As directed, appellee filed a motion to dismiss. Appellants filed a motion for class certification and a motion to produce documents. After a hearing on the motions, the district court denied appellants' discovery and class certification motions and granted appellee's motion to dismiss. A judgment was entered. This appeal followed.
 
 II.
 
 20
 A. Priority of Removal and Transfer.
 
 
 21
 Appellants initially claim this court lacks jurisdiction over the appeal because this case was improperly removed from Texas state court and improperly transferred from Texas federal court to Arizona federal court.
 
 
 22
 There is no indication that this argument was presented to the district court. Matters relating to the subject matter jurisdiction of this court and the district court are nonetheless freely reviewable. Clayton v. Republic Airlines, Inc., 716 F.2d 729, 730 (9th Cir.1983).
 
 
 23
 Appellee contends that the propriety of the removal from Texas state court to Texas federal court, and the transfer from Texas federal court to Arizona federal court has been adjudicated by Texas federal district court, by the Fifth Circuit, and by the United States Supreme Court. Whether our consideration of these issues is barred by res judicata or on some other ground is a question of law freely reviewed on appeal. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc ).
 
 
 24
 Whether appellants may attempt to collaterally attack the propriety of removal and transfer where, as here, prior to transfer, appellants obtained review of the removal and transfer issues by seeking a writ of mandamus from the Fifth Circuit and thereafter a writ of certiorari is a first impression issue in this circuit. But compare Hoffman v. Blaski, 363 U.S. 335, 340 n. 9, 80 S.Ct. 1084, 1088 n. 9, 4 L.Ed.2d 1254 (1960) (suggesting in dicta that a transfer did not preclude transferee court from determining whether it had jurisdiction or venue) with Hayman Cash Register Co. v. Sarokin, 669 F.2d 162 (3d Cir.1982) (distinguishing Blaski and barring reconsideration of jurisdiction and venue issues by transferee court where transferor court already decided the issue) and Skil Corp. v. Millers Falls Co., 541 F.2d 554, 556 (6th Cir.) (same), cert. denied, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 631 (1976). The better rule is to bar reconsideration of these matters unless there is some indication that appellants were not afforded a full and fair opportunity to litigate these matters before the transferor court. See 1B Moore's Federal Practice paragraphs 404 and 404 (2d ed. 1982).
 
 
 25
 In this case, there are particularly compelling reasons for not allowing relitigation of the issue of the propriety of transfer and removal, appellants having litigated the merits of their case in a federal forum and for a second time in state court. After appellees' removal of the second state court proceeding, appellants vigorously contested such removal and filed a motion for remand. Appellants also objected to appellee's motion to transfer. Having chosen both the time and manner by which they obtained appellate review of the district court's removal and transfer order, appellants should not now be permitted to claim that review was inadequate and nonbinding. Skil Corp., 541 F.2d at 559.
 
 
 26
 Assuming res judicata is not a bar to reconsideration of allegations concerning the removal and transfer of this matter, both the removal and transfer were proper. This action was properly removed on the ground of diversity pursuant to 28 U.S.C. Sec. 1441. The Hatches reside in the Southern District of Texas, while Reliance has its principal place of business in Pennsylvania. The matter in controversy exceeded $10,000 exclusive of interest.[1]
 
 
 27
 This matter was properly transferred pursuant to 28 U.S.C. Sec. 1404(a). When the case was removed to the United States District Court in Texas it became a federal case, and section 1404(a) applied. As the district court noted, section 1404(a) "requires two findings--that the district court is one where the action 'might have been brought' and that the 'convenience of parties and witnesses in the interest of justice' favor transfer." The district court in Texas made detailed findings on both questions. It concluded that the action was properly transferred to the federal district court in Arizona. Appellants' contention that transfer to Arizona was improper because the action could not have been removed there from Texas state court is meritless. In determining whether an action "might have been brought" in a district, the court looks to whether the action initially could have been commenced in that district. See, e.g., Hoffman, 363 U.S. at 343-44, 80 S.Ct. at 1089-90; Van Dusen v. Barrack, 376 U.S. 612, 620, 84 S.Ct. 805, 811, 11 L.Ed.2d 945 (1964). Appellants, while choosing not to, could have commenced this action in the district court of Arizona. Transfer to that district pursuant to section 1404(a) was proper.
 
 
 28
 B. Propriety of Dismissal.
 
 
 29
 The federal district court dismissed on the grounds that
 
 
 30
 [t]he actions are barred by failure to purge himself of contempt and to file as ordered ... an amended complaint; barred by statute of limitations in tort; barred by res judicata; barred because it fails to state a legal claim and failure to be a plain simple statement of the facts as required by Rule 8....
 
 
 31
 Appellants challenge the dismissal.
 
 
 32
 In reviewing a district court's decision to dismiss, the court of appeals may affirm on any ground supported by the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983); Angle v. United States, 709 F.2d 570, 573 (9th Cir.1983). In this case each of the grounds relied on by the district court is sufficient to support dismissal.
 
 
 33
 The dismissal on the ground that plaintiff failed to purge himself of contempt was not an abuse of discretion. See, e.g., Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir.1980) (reviewing court will overturn lower court's dismissal only where it is left with a definite firm conviction that court below erred); Fendler v. Westgate Calif. Corp., 527 F.2d 1168, 1170 (9th Cir.1975) (dismissal for failure to obey orders of the court reviewed for abuse of discretion). Appellants filed a second Texas state court action in violation of a previous federal court order. Upon representation of counsel that contemptuous claims had been dropped, the district court issued an order finding appellants' counsel had purged himself of contempt. Despite appellants' counsel's representations, counsel did not file an amended complaint removing contemptuous claims. The district court did not abuse its discretion in dismissing this matter for failure of appellants' counsel to purge himself of contempt.
 
 
 34
 Dismissal on limitation grounds was proper. The statute of limitations of both Arizona, Ariz.Rev.Stat. Sec. 12-542 (as amended 1978) (two year) and Texas, Tex.Rev.Civ.Stat.Ann. Art. 5526 (Vernon's 1979) (two year) would bar the assertion of the Hatches' claims in this action. The Hatches allege three claims: (1) abuse of process in filing the interpleader action; (2) negligence in issuing the fidelity bond; and (3) negligent failure to discover the fraud of Heritage's employees. The first claim arose in 1977 when the interpleader action was filed, more than five years prior to the commencement of this action. The remaining claims arose more than eight years prior to the commencement of this action.
 
 
 35
 Dismissal on res judicata grounds was not in error. The tort claims alleged by appellants were pleaded, litigated, and resolved in the federal interpleader action. Those matters may not now be relitigated. Los Angeles Branch NAACP v. Los Angeles Unified School District, 750 F.2d 731, 737 (9th Cir.1984) (en banc) (applying California law of res judicata). Accord Flores v. Edinburg Consolidated Ind. School Dist., 741 F.2d 773, 775-76 (5th Cir.1984) (applying Texas law of res judicata). Appellants' argument that they "reserved" their tort claims in the interpleader action is without merit. The doctrines of collateral estoppel and res judicata were designed to prevent piecemeal litigation. Wright, Miller & Cooper, Federal Practice and Procedure Sec. 4402 at p. 8 (1981).
 
 
 36
 The district court did not err in concluding that appellants' complaint failed to state a claim. Appellants' allegation that Reliance abused process when it instituted the interpleader action is meritless. Appellee Reliance, faced with two competing claims for the same funds, filed an interpleader action. Interpleader actions were designed to remedy this precise problem. See Gelfgren v. Republic National Life Ins. Co., 680 F.2d 79, 78, 81 (9th Cir.1982) (discussing interpleader actions generally). There is no abuse of process where a litigant avails him/herself of a remedy designed for the precise problem the litigant seeks to remedy. Appellants' negligence claims relating to the bond are also without merit. Investors in Heritage had no direct claim under the bond. The bond ran to the benefit of Heritage alone. Reliance, if obliged to pay anyone, was obliged to pay Heritage. The Receiver pursued these claims on behalf of Heritage in the interpleader action and prevailed. Appellants do not have a negligence claim.
 
 
 37
 Finally, the district court's dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure was not an abuse of discretion. Rule 8 requires a "short and plain" statement of a claim. We reviewed the pleadings and the history of this case and concluded that neither appellants' original nor the proposed amended complaint complied with Rule 8. The district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981) (dismissal for failure to comply with Rule 8 upheld).
 
 
 38
 C. Denial of Discovery and Certification Motions.
 
 
 39
 In addition, appellants challenge the district court's denial of their class certification and their discovery motions. The district court concluded that
 
 
 40
 Rule 23(c) requires that I make a finding that the named plaintiffs and their counsel will adequately represent the class. In this particular case, after reviewing all the documents filed by Mr. Cumming, [and] the proceedings.... I have to find that, because of the total incompetency of counsel, the named plaintiffs cannot adequately represent the class and therefore, I must deny certification of the class, even should such a class exist, and I'm not sure it does.
 
 
 41
 Among other things, Mr. Cumming on his motion to produce has attempted to use Rule 34(c) to secure documents from a nonparty, indicating in his motion under Rule 34(c) that ... the receiver really had no opposition to producing documents ... [T]hen when it is pointed out to Mr. Cumming that Rule 34(c) does not provide for such a request for production from a nonparty he then asserts that by objecting to that party [sic], somehow the nonparty becomes a party and, therefore, comes under Rule 34(c), which is a unique position, I suggest.
 
 
 42
 The motion to produce is denied.
 
 
 43
 A district court's rulings concerning discovery are reviewed for an abuse of discretion. Ellis v. Brotherhood of Ry's, Airline, and S.S. Clerks, 685 F.2d 1065, 1071 (9th Cir.1982). A district court's denial of class certification is reviewed for an abuse of discretion and application of impermissible legal criteria. Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 479 (9th Cir.1983).
 
 
 44
 Counsel's performance in these proceedings demonstrates an inability to adequately and competently represent a single plaintiff, much less a class of plaintiffs. See Fendler, 527 F.2d at 1170 (court may look to the quality of counsel's presentation of the case). Since 1979 appellants' counsel has attempted to relitigate an issue litigated and finally decided in the federal interpleader action. Counsel has ignored prior court orders and has been held in contempt. Without engaging in an exhaustive recitation of counsel's error in these proceedings, we conclude that the district court did not abuse its discretion in denying class certification.
 
 
 45
 The denial of the motion to produce was also not an abuse of discretion. It was within the district court's discretion to deny appellants' counsel's attempt to obtain production under Rule 34 of the names of similarly situated investors in order to solicit support for his efforts to certify the class. See Kline v. Coldwell, Banker & Co., 508 F.2d 226, 237 (9th Cir.1974) (separate opinion of Duniway, J.). Moreover, Rule 34 may not be used to discover matters from a nonparty. Fed.R.Civ.P. 34.
 
 
 46
 D. Sanctions.
 
 Fed.R.App.P. 38 provides:
 
 47
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 48
 While appellees have not moved for sanctions, we believe this is an appropriate case for their imposition. See 28 U.S.C. Sec. 1912; Nevijel, 651 F.2d at 675.
 
 
 49
 This litigation has been ongoing for more than nine years. By filing this case in the Texas state court, by maintaining it in the federal district court, and by taking and prosecuting this appeal, appellants' counsel has grossly abused the judicial process. Appellants' counsel's persistent attempts to relitigate matters previously and finally determined demonstrate either a lack of understanding or a flagrant disregard of fundamental principles of res judicata and federalism. Counsel has ignored prior court orders and the Federal Rules of Procedure. Appellees have expended large amounts of time and money defending against the numerous and poorly drafted pleadings filed by appellants in this and related proceedings. The right of these defendants to be free from this costly litigation and the rights of other litigants must be considered. Id. The instant appeal is frivolous.
 
 
 50
 We award double costs to appellee, with that amount to be paid by the Hatches. In addition, appellees are awarded attorney's fees for defending this appeal, with that amount to be paid by Mr. Cumming, attorney for the appellants. Appellees should file a timely bill of costs and application for attorney's fees. See Ninth Circuit Rule 14; Oliver v. Mercy Medical Center, Inc., 695 F.2d 379, 382 (9th Cir.1982). Appellants should file any objections to the request within 14 days after the service of the request.
 
 
 51
 AFFIRMED.
 
 
 
 [1]
 Appellants raise for the first time in their reply brief the absence of jurisdiction for failure to satisfy the $10,000 jurisdiction amount in controversy. Apparently appellants believe that the jurisdictional amount in this case can be met only by aggregating the claims of the putative class members. Since aggregating such claims is not permitted, appellants claim there is no federal jurisdiction. This argument lacks merit
 First, this matter was never certified and we are therefore concerned solely with the amount of appellants' claim. Second, the Hatches had already obtained a default judgment in state court in an amount greater than $10,000. Under these circumstances, we cannot conclude that the amount in controversy is less than $10,000.