21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BIO-RESPONSE, INC., Debtor.
Samuel ROSE, Dr., Appellant,
v.
BIO-RESPONSE, INC., Appellee.
 No. 93-15658.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1994.
Decided March 23, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Dr. Samuel Rose appeals from the district court's affirmance of the bankruptcy court's judgment in favor of Bio-Response, Inc. in his malicious prosecution claim against Bio-Response. We affirm the judgment because we conclude that Dr. Rose has failed to demonstrate that Bio-Response's dismissal of its state court trade secret misappropriation action was a favorable termination on the merits.
 
 I.
 
 4
 On January 2, 1987, Bio-Response sued Dr. Rose in the Superior Court for the County of Alameda, alleging misappropriation of trade secrets, breach of fiduciary duty, breach of contract, interference with business relationships, fraud, and civil conspiracy. Bio-Response filed a voluntary petition in bankruptcy pursuant to Chapter 11 on September 14, 1989. According to the joint pre-trial order filed in the bankruptcy court, Dr. Rose filed a proof of claim for malicious prosecution against Bio-Response on January 25, 1990.[1]
 
 
 5
 On August 20, 1990, the Superior Court for the County of Alameda granted Bio-Response's motion for dismissal without prejudice in its action against Dr. Rose. The following September, the bankruptcy court conducted a bench trial of Dr. Rose's malicious prosecution claim. The bankruptcy court entered judgment in favor of Bio-Response. Dr. Rose appealed from the bankruptcy court's judgment to the district court. The district court affirmed.
 
 II.
 
 6
 Dr. Rose seeks reversal on the grounds that the bankruptcy court erred in concluding that (1) Bio-Response had probable cause to maintain its trade secret misappropriation suit; (2) the trade secret action was terminated in favor of Bio-Response; (3) Bio-Response did not act with malice when it filed its trade secret action; and (4) Dr. Rose did not demonstrate that he incurred damages because of Bio-Response's suit. Dr. Rose also contends that the bankruptcy court abused its discretion when it limited his cross-examination of William Speranza, Bio-Response's patent attorney. We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985).
 
 
 7
 The parties do not dispute that we must look to California law to determine the elements of Dr. Rose's malicious prosecution claim. Therefore, in order to prevail in his claim, Dr. Rose must demonstrate that (1) Bio-Response filed its trade secret misappropriation action without probable cause; (2) the misappropriation action was terminated in his favor; and (3) Bio-Response initiated and maintained its suit with malice. See Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871 (1989). We need not address each of these elements because we conclude that the bankruptcy court's finding that the action was not terminated in Dr. Rose's favor was not clearly erroneous.
 
 
 8
 Dr. Rose contends that Bio-Response's dismissal of its trade secret misappropriation action represents a favorable termination on the merits. To succeed on this claim, Dr. Rose must establish that Bio-Response dismissed its suit because of its belief that Dr. Rose was innocent of misappropriating Bio-Response's trade secrets. See Cantu v. Resolution Trust Corp., 4 Cal.App.4th 857, 881 (1992) (innocence is based upon the opinion of the party who dismisses a lawsuit).
 
 
 9
 The bankruptcy court found that at the time Bio-Response dismissed its complaint, Babagene, Dr. Rose's company, was defunct. Therefore, the possibility that Dr. Rose's activities would injure Bio-Response had been greatly diminished. The bankruptcy court further found that Bio-Response requested the dismissal because it could not afford to continue to finance the litigation. The district court held that the bankruptcy court's finding that Bio-Response's dismissal did not represent a favorable termination for Dr. Rose was not clearly erroneous.
 
 
 10
 The bankruptcy court's finding was supported by the testimony of Diane Dougherty, Bio-Response's vice-president of finance. Ms. Dougherty testified that Bio-Response dismissed its action because of the following:
 
 
 11
 There were a number of reasons. The--probably the primary one was that, at that point, BioResponse was in severe financial difficulty and in bankruptcy, and the management and the Board of Directors' first obligation was to the creditors, and it didn't seem that this was a prudent use of the creditors' money. So, financial hardship was one reason.
 
 
 12
 The second reason was that, after this long passage of time, and at that time we had knowledge that Babagene apparently had gone out of business, the concern about the harm that Sam Rose or his company could do to the company had diminished quite a bit. So, sort of the balance between cost and benefit wasn't there any more.
 
 
 13
 We find the California Court of Appeal's decision in Oprian v. Goldrich, Kest & Assoc., 220 Cal.App.3d 337 (1990), to be particularly appropriate in the resolution of this issue. The court stated:
 
 
 14
 It would be a sad day indeed if a litigant and his or her attorney could not dismiss an action to avoid further fees and costs, simply because they were fearful such a dismissal would result in a malicious prosecution action. It is common knowledge that costs of litigation, such as attorney's fees, costs of expert witnesses, and other expenses, have become staggering. The law favors the resolution of disputes. This policy would be ill-served by a rule which would virtually compel the plaintiff to continue his litigation in order to place himself in the best posture for defense of a malicious prosecution action.
 
 
 15
 Id. at 344-45 (1990) (internal quotation omitted).
 
 
 16
 Dr. Rose has failed to provide any direct evidence which would contradict Diane Dougherty's testimony and demonstrate that Bio-Response dismissed its action because of its belief that Dr. Rose was innocent of misappropriating trade secrets. Rather, Dr. Rose argues that the dismissal was favorable because if Bio-Response's claims were meritorious, it would have been able to recover its damages because he had a one million dollar insurance policy that protected him from that type of loss. Dr. Rose asserts that it is illogical to infer that Bio-Response would dismiss a meritorious action under such circumstances.
 
 
 17
 Dr. Rose erroneously assumes that Bio-Response would have been able to prove that it was damaged by his conduct. In order to obtain a judgment against Dr. Rose, Bio-Response would have been required to demonstrate that it was injured because of Dr. Rose's conduct. At the time Bio-Response dismissed its action, Dr. Rose's company was no longer doing business. Therefore, it was unlikely that Dr. Rose's conduct would result in any financial injury to Bio-Response.
 
 
 18
 Because we conclude that Dr. Rose has failed to demonstrate that the trade secret action filed by Bio-Response was terminated in his favor, we need not decide whether the bankruptcy court abused its discretion when it limited Dr. Rose's cross-examination of William Speranza.
 
 
 19
 Bio-Response has requested that we sanction Dr. Rose for filing a frivolous appeal. We deny Bio-Response's request because although Dr. Rose's initial appeal was ultimately unsuccessful, his arguments were not wholly without merit. See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990) ("An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit."), cert. denied, 498 U.S. 1109 (1991).
 
 
 20
 Following oral argument, Dr. Rose filed a document styled as a "Motion for Leave to File Post-Argument Letter." In its opposition to the motion, Bio-Response asserts that Dr. Rose's post-argument motion is frivolous because it reiterates arguments previously addressed in Dr. Rose's briefs and contains unwarranted personal attacks instead of reasoned argument. We agree with Bio-Response that Dr. Rose's motion was frivolous. Dr. Rose impermissibly requests that we reweigh facts which he raised in his opening and reply briefs; he misstates legal principles; he makes a legal argument which is contrary to a position he took in his opening brief; and he submits an affidavit which contains factual allegations inadmissible at this stage of these proceedings. In its opposition, Bio-Response did not specifically seek sanctions regarding Dr. Rose's post-argument motion. Rather, Bio-Response reiterated its request for sanctions on appeal. Because Dr. Rose has filed a frivolous post-argument motion, we impose sanctions against him sua sponte. See Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir.) (court may impose sanctions sua sponte on appeal for abusing the judicial process), cert. denied, 474 U.S. 1021 (1985).
 
 
 21
 Pursuant to our authority under Rule 38 of the Federal Rules of Appellate Procedure, we award Bio-Response attorney's fees and costs incurred in filing its response to Dr. Rose's frivolous motion. Bio-Response should file a bill of costs and an application for attorney's fees within 14 days after entry of this judgment. See Fed.R.App.P. 39(d). Dr. Rose should file his objections to Bio-Response's request within 10 days after being served. See Fed.R.App.P. 39(d).
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dr. Rose properly brought this case before the bankruptcy court because "the outcome of the proceeding could conceivably have an[ ] effect on the estate being administered in bankruptcy." In re Fietz, 852 F.2d 455 (9th Cir.1988)