83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman D. ABAR; Horace J. Abbott; Vance Abel; Clarence
Abner; Earl Adams, et al., Plaintiffs-Appellants,
v.
ACANDS, INC.; ACMC, fka National Gypsum Company; Acme
Brick Company; Acorn Iron and Supply Co.;
Allis-Chalmers Corporation; et al.,
Defendants-Appellees.
Creighton E. MILLER, Administrator for the Estate of Isaac
W. Abraham, et al., Plaintiff-Appellant.
v.
ACANDS, INC.; ACMC, fka National Gypsum Company; Acme
Brick Company; Anchor Packing Co.; Aurora Pump Division of
General Signal Corp.; Bethlehem Steel Corporation;
Bigelow-Liptak Corporation; Bryan Steam Corp.; Coffin Pump
Inc.; Crown, Cork and Seal Co., Inc.; Dana Corp.; Donlee
Technologies, Inc.; Durabla Manufacturing Co.; Everlasting
Valve Co.; Fel-Pro Incorporated; Fibreboard Corporation;
General Cable Co.; B.F. Goodrich; Goodyear Tire & Rubber
Co.; Ingersoll-Dresser Pump; John Crane Inc.; Mortell
Co.; Owens-Corning Fiberglas Corp.; Owens-Illinois, Inc.;
USX Corporation; Warren Pumps, Inc.; Pittsburgh Corning
Corporation, Defendants-Appellees.
 Nos. 94-55624, 94-55677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided April 16, 1996.
 
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.
 MEMORANDUM***
 The plaintiff mariners in the above cases filed two identical complaints on July 27, 1993 alleging injuries stemming from asbestos exposure. In Miller, an administrator of the estates of 370 decedents brought suit against 93 defendants involved in some phase of the production of either asbestos or products containing asbestos. In Abar, 994 plaintiffs brought suit against the same 93 defendants.
 In 1991, the United States District Court for the Eastern District of Pennsylvania removed the maritime claims from the Multidistrict Litigation ("MDL") asbestos docket and created a separate maritime asbestos docket. The court appointed Leonard C. Jaques, plaintiffs' counsel in the instant cases, as "lead and liaison counsel" of all maritime asbestos claims. Defendants note that during the same week in July of 1993 in which the Miller and Abar claims were filed, plaintiffs' counsel filed identical complaints in five other federal district courts on behalf of 5000 additional claimants. Prior to the dismissal of the Abar and Miller complaints, the Judicial Panel on Multidistrict Litigation issued a conditional transfer of Abar and Miller to the Eastern District of Pennsylvania. In response to the dismissal, the Panel vacated its order.
 The Abar and Miller complaints asserted admiralty and diversity jurisdiction. On appeal, plaintiffs only assert admiralty jurisdiction. The complaints allege that the defendants:
 designed, manufactured, sold or otherwise supplied for use of shipowners aboard vessels harmful toxins and carcinogens including asbestos and asbestos-containing products or machinery and equipment on which the asbestos products were placed ... on vessels upon which Plaintiffs or Plaintiff's [sic] Decedents served during periods of time when the respective mariners as crewmen were exposed to their detriment to the afore-stated chemicals and products, suffering injury to their person or death of their being as the case may have resulted.
 The complaints do not further specify any time or place for the injuries or any connection between specific plaintiffs and specific defendants.
 Defendants brought motions to dismiss and the district court concluded that the plaintiffs were improperly joined and dropped all but the first named plaintiff in each complaint, and then dismissed the complaints for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a). The court found that the plaintiffs 1) failed to provide enough specific details to establish admiralty jurisdiction and 2) failed to provide enough specific details to comply with the requirements of Rule 8(a)(2). The court granted the motions to dismiss both complaints on January 18, 1994 and on January 21, 1994 issued an order to dismiss with leave to amend. Rather than file amended or separate complaints, plaintiffs filed motions for relief from the judgment of dismissal pursuant to Rule 60(b)(6). The district court's denials of the Miller and Abar motions were entered on March 18 and 21, 1994, respectively. Plaintiffs filed notices of appeal on April 14 in Miller and April 15 in Abar. In response to defendants' arguments that their notices were untimely, plaintiffs maintained that they were only appealing the denial of the motions for relief.
 Review of motions for relief pursuant to Rule 60(b) "does not bring up the underlying judgment for review; we review only for abuse of discretion." Cel-A-Pak v. California Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.1982). Relief under Rule 60(b) is only available when "extraordinary circumstances prevented a litigant from seeking earlier, more timely relief ... circumstances beyond its control...." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993). See also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir.1989) (relief appropriate where party had "no opportunity to follow normal paths of appeal" because legislation passed after the judgment was the ground for appeal). A moving party must do more than simply repeat its legal arguments. Blair v. Shanahan, 38 F.3d 1514, 1518 (9th Cir.1994), cert. denied, 115 S.Ct. 1698 (1995).
 Plaintiffs argue that the motion for relief should have been granted because joinder of the plaintiffs was appropriate and their pleadings were sufficient to comply with Rule 8. Plaintiffs, however, fail to demonstrate any extraordinary circumstance which prevented them from filing a direct appeal. Their reference to a statute of limitations problem is insufficient as any timeliness bar was not the result of circumstances beyond plaintiffs' control. See Alpine, 984 F.2d at 1049. Thus we decline to consider the merits of the district court's rulings on joinder and specificity.
 Plaintiffs also argue that the district court should have allowed removal to the Northern District of Ohio where, according to plaintiffs' attorney, all Abar plaintiffs have a "separate and independent cause of action" and 108 of the Miller plaintiffs have pending wrongful death actions. They appear to argue that even if this Court agrees that its claims should have been dismissed, it should instead order their transfer to the Northern District of Ohio. 28 U.S.C. 1404(a) provides:
 For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to the district or division where it might have been brought.
 The decision to transfer under Section 1404(a) is within the discretion of the district court. Arley v. Union Pacific Ins. Co., 379 F.2d 183, 189 (9th Cir.1967), cert. denied, 390 U.S. 950 (1968).
 The district court did not abuse its discretion in refusing to grant the request for transfer. As noted by the district court, in view of the dismissal, there are no civil actions left to transfer. Furthermore, transferring a complaint which should be dismissed achieves neither the convenience nor the justice contemplated by Section 1404(a).
 
 
 1
 Several defendants requested sanctions under Rule 38 alleging that this appeal was frivolous. The Court agrees and all defendants are awarded sanctions against the plaintiffs' attorney for attorneys' fees and double costs. Hatch v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir.1985) (sanctions need not be sought to be awarded), cert. denied, 474 U.S. 1021 (1985). This matter is referred to the Appellate Commissioner to determine the amount of sanctions to be awarded to each defendant.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3