93 F.3d 675
 96 Cal. Daily Op. Serv. 6327, 96 Daily Journal
D.A.R. 10,391
TRANSAMERICA LEASING, INC.; Triton Container International,
Ltd., Plaintiffs,
and
Elizabeth Robertson, Appellant,
v.
COMPANIA ANONIMA VENEZOLANA DE NAVEGACION, Defendant-Appellee.
 No. 95-15625.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 15, 1996.*
Decided Aug. 26, 1996.
 
 Philip Isaac, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Agana, Guam, for plaintiff Transamerica Leasing, Inc.
 Elizabeth Robertson, Klemm, Blair, Sterling & Johnson, Agana, Guam, for plaintiff Triton Container International Limited.
 William J. Blair, Klemm, Blair, Sterling & Johnson, Agana, Guam, for appellant Elizabeth Robertson.
 Jean Melancon, McCully, Lannen, Beggs & Melancon, Maite, Guam, for the defendant-appellee.
 Appeal from the United States District Court for the District of Guam, John S. Unpingco, Chief District Judge, Presiding. D.C. Nos. CV-94-00055-JSU, CV-00063-JSU.
 Before: SNEED, JOHN T. NOONAN, Jr. and THOMPSON, Circuit Judges.
 
 
 1
 The district court ruled that in failing to cite an unpublished decision of the Ninth Circuit denying a petition for writ of mandamus in Triton's motion to the court to reconsider its transfer order Triton's counsel violated Rule 3.3(a)(3) of the ABA Model Rules of Professional Conduct. Rule 3.3(a)(3) prohibits an attorney from knowingly failing to disclose controlling authority directly adverse to the position advocated. The rule is an important one, especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball. However, the rule did not apply in this case.
 
 
 2
 The order of the Ninth Circuit denying the petition for writ of mandamus did not reach the merits of the transfer order; it merely held that petitioners had not demonstrated the case warranted an intervention of the court through the writ of mandamus. See Bauman v. United States District Court, 557 F.2d 650 (9th Cir.1977). Consequently, counsel did not knowingly fail to disclose to the district court controlling authority directly adverse to the position she advocated. Hatch v. Reliance Ins. Co., 758 F.2d 409, 413 (9th Cir.), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985) is distinguishable; in Hatch this court reviewed and rejected the petition for writ of mandamus on the merits.
 
 
 3
 The district court's imposition of sanctions is therefore REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R.34-4