114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garreth E. SHAW, Plaintiff-Appellee,
v.
HUGHES AIRCRAFT COMPANY, Defendant-Appellant.
 No. 95-56154.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided May 20, 1997.
 
 1
 Before: GOODWIN, WIGGINS and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Hughes Aircraft Co. (Hughes) appeals the district court's dismissal of this case for lack of subject matter jurisdiction. Garreth E. Shaw brought an action against Hughes in Texas state court alleging defamation by Hughes' statement that he stole a company telephone. After removal and transfer, the district court ruled that the amount in controversy failed to exceed $50,000 as required under 28 U.S.C. § 1332. We affirm.
 
 FACTS and PROCEEDINGS
 
 4
 On November 23, 1993, Shaw filed a complaint in Texas state court in Bexar County seeking damages for libel, slander and libel per se from Hughes. On December 17, 1993, Hughes removed the case to the federal Western District of Texas pursuant to 28 U.S.C. § 1441 and filed a motion to transfer the case to the federal Central District of California for the convenience of the witnesses and parties pursuant to 28 U.S.C. § 1404. Hughes' Notice of Removal stated that "based upon the damages as alleged in Plaintiff's Original Petition, including punitive damages, and upon correspondence received from plaintiff's counsel, it is evident that the amount in controversy exceeds the $50,000.00 minimum jurisdictional limits of the United States District Court exclusive of interest and costs."
 
 
 5
 Shaw's Complaint, however, did not state a specific amount of damages being requested. Shaw's Complaint requests "actual damages, exemplary damages, costs, pre- and postjudgment interest at the maximum rates permitted by law, and such other amounts at law or in equity to which he shows himself justly entitled."
 
 
 6
 On February 1, 1994, Shaw moved that the case be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Attached were affidavits from Shaw and his counsel stating that neither believed that the amount in controversy exceeded $50,000. On April 18, 1994, a magistrate recommended denying Shaw's motion. On May 13, 1994, the district court accepted the magistrate's recommendation without specifically addressing the amount in controversy issue.
 
 
 7
 On May 2, 1994, Shaw filed a motion opposing the transfer on various grounds including an insufficient amount in controversy. Shaw noted that Hughes had offered to settle the claim for $25,000 and he was willing to settle for $35,000. On July, 13, 1994, the magistrate again recommended that Shaw's motion be denied without addressing the sufficiency of the amount in controversy. On July 28, 1994 the district court again accepted the magistrate's recommendation without addressing the amount in controversy.
 
 
 8
 On June 5, 1995, and again on July 3, Shaw represented to the transferee district court that he did not seek damages in excess of $50,000. The court, on July 5, 1995, dismissed Shaw's action without prejudice for lack of a sufficient amount in controversy.
 
 ANALYSIS
 
 9
 Hughes' argument that the transferee district court improperly disregarded the prior determination of subject matter jurisdiction by the transferor district court is unpersuasive. Hughes relies primarily on Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir.1985) in which the court considered whether the nonremoving party may collaterally attack the removal (by challenging jurisdiction) and transfer decisions of the transferor court in the transferee court. The court stated as follows: "The better rule is to bar reconsideration of these matters unless there is some indication that [plaintiffs] were not afforded a full and fair opportunity to litigate these matters before the transferor court." Id. at 413.
 
 
 10
 The transferor court never squarely addressed the issue of whether subject matter jurisdiction was lacking because of an insufficient amount in controversy. Despite Shaw repeatedly raising the issue before the transferor court, there is no evidence in the record showing any specific determination by either the magistrate or the transferor court.
 
 
 11
 We find that Shaw was not afforded a "full and fair opportunity to litigate these matters before the transferor court." Hatch, 758 F.2d at 413. The transferor court's inadequate and cursory inquiry, which repeatedly failed to address Shaw's objections as to the amount in controversy being unsatisfied, did not preclude the transferee court from making an independent determination of the jurisdictional question.
 
 
 12
 It is well established that if the amount of damages alleged in the complaint is unspecified in a removal case, the nonremoving party must overcome a strong presumption against removal jurisdiction and bears the burden of proving by a preponderance of the evidence that the amount in controversy is actually met. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 861-62 (9th Cir.1996); Gaus v. Miles, Inc., 980 F.2d 564, 565-66 (9th Cir.1992).
 
 
 13
 Hughes failed to prove by a preponderance of the evidence that the amount in controversy was met in its Notice of Removal. Hughes' reference to a claim that Shaw offered to settle for $5,000,000 is inapposite. Hughes' only other evidence offered in its removal notice, the bald reference to punitive and other damages in Shaw's Complaint, hardly meets the removing party's burden of making "specific factual allegations" proving by a preponderance of the evidence the jurisdictional amount. Gaus, 980 F.2d at 567 citing Garza v. Bettcher Indus., Inc., 752 F.Supp. 753, 763 (E.D.Mich.1990). Accord Sanchez, 95 F.3d at 861. Therefore, at the time of removal, Hughes had not overcome the strong presumption against removal jurisdiction, and the transferor court lacked subject matter jurisdiction pursuant to § 1332.
 
 
 14
 As Hughes concedes, federal jurisdiction is determined at the time of removal. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938); Federal Sav. & Loan Ins. Corp. v. Griffin, 935 F.2d 691, 696 (5th Cir.1991); Local Union 598 v. J.A. Jones Construction Co., 846 F.2d 1213, 1215 (9th Cir.1988); Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir.1988); Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 773 (9th Cir.1986). Hughes submits its only persuasive evidence (damage awards in analogous Texas defamation actions) over a month after removal. The evidence is irrelevant, however, since it was offered after removal occurred. Therefore, Hughes did not meet its burden to establish subject matter jurisdiction at the time of removal or in its removal notice. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995) (holding that burden of proof not met if underlying facts establishing jurisdiction are not set out in Notice of Removal and that postremoval evidence cannot cure that failure).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3