**TRACFONE WIRELESS, INC.,**
a Delaware corporation,
Plaintiff,

v.

**ACCESS TELECOM, INC.,**
et al., Defendants.

No. 09–20397–CIV.

United States District Court,
S.D. Florida.

July 24, 2009.

Aaron Stenzler Weiss, Steven Jeffrey Brodie, Carlton & Fields PA, Maria C. Montenegro, Tracfone Wireless, Inc., Miami, F.L., James Blaker Baldinger, Carlton Fields PA, West Palm Beach, F.L., Gail Podolsky, Carlton Fields PA, Atlanta, GA, for Plaintiff.

Olivia D. Griffin, Olivia D. Griffin, Miami, F.L., for Defendants.

*OMNIBUS ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION: DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM: DENYING MOTION TO STRIKE: DENYING MOTION FOR SANCTIONS*

ALAN S. GOLD, District Judge.

This CAUSE is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim [DE 17], Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 22], Motion to Strike Improper Allegations [DE 32], and Plaintiff's Motion for Rule 11 Sanctions [DE 35]. All Motions have been fully briefed, with the exception that a Reply was not filed in connection with Defendants' Motion to Dismiss for Failure to State a Claim, and oral argument was heard on July 17, 2009. I further considered Plaintiff's Supplemental Memorandum of Law [DE 64] filed after oral argument. For the following reasons, all Motions are denied.

## I. Factual Background

Plaintiff Tracfone Wireless, Inc. ("Tracfone"), a Delaware corporation, filed the instant Complaint on January 17, 2009 seeking redress for violations of federal copyright and trademark infringement law and a number of related state claims. The facts as alleged in the Complaint, taken as true for the purposes of resolving a Motion to Dismiss, are as follows:

Plaintiff is a provider of prepaid wireless telephonic service in the United States branded as "TracFone" and "Net10." [DE 1 at ¶ 20]. Plaintiff enables its customers to prepay for their wireless service by purchasing TracFone phone cards, known as "airtime cards" and specially manufactured TracFone and Net10 wireless phones ("specialty phones"). *Id.* Plaintiff sells these specialty phones at substantially less than their costs and recoups this subsidy through profits earned on the sale of the prepaid airtime cards. *Id.* at ¶ 22. The specialty phones are installed with a special proprietary software ("TracFone Prepaid Software") which prevents them from being used without the use of airtime cards. *Id.* at ¶ 23.

Plaintiff alleges that Defendants have engaged in a practice, spanning June to November 2007, of buying specialty phones in bulk and rewiring them to allow the phones to be used as a regular wireless phones on other cellular networks without the need for Plaintiff's airtime cards. The specialty phones are removed from their original packaging, shipped overseas, and rewired. *Id.* at ¶ 36. By doing so, Defendant's conduct violates the Terms and Conditions that accompany each specialty

phone. *Id.* at ¶¶ 27–32. The result of this conduct is that the phones become no longer operable within the Plaintiffs prepaid wireless virtual network and Plaintiff no longer has a revenue source. *Id.* at ¶ 38. Defendants further solicit others to purchase the phones in bulk in order to circumvent retailer policies limiting the number of specialty phones an individual may purchase at one time. *Id.* at ¶¶ 57–59.

Further, Plaintiff alleges that it is the owner of federally protected trademarks and copyrights. Specifically, Plaintiff is the owner of eight trademarks, four for TracFone and four for Net10. *Id.* at ¶ 24. In support, Plaintiff has filed with its Complaint certificates of registration for each of these marks issued by the U.S. Patent and Trademark Office [DE 1, Ex. A]. Finally, Plaintiff alleges it is the owner of a copyright on the TracFone Prepaid Software, for which it has also filed a certificate of registration in support. *Id.* at ¶ 26. By rewiring the specialty phones and selling them at a premium, as new, under Plaintiffs trademarks, Defendants have violated Plaintiff's trademarks and copyright. *Id.* at ¶¶ 17, 39. As a result of Defendant's conduct, Plaintiff has suffered economic loss, a dilution of its mark, and injury to its reputation in the marketplace. *Id.* at ¶¶ 64–70.

## II. Jurisdiction

Plaintiff alleges jurisdiction based on federal question, as there is an absence of diversity between the parties in this action. 28 U.S.C. § 1331. As discussed below, Defendants challenge whether this Court has subject matter jurisdiction. Further, Plaintiff invokes this Court's supplemental jurisdiction over its state claims. 28 U.S.C. § 1367.

## III. Standard of Review

In determining whether to grant a motion to dismiss, the court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hoffend v. Villa*, 261 F.3d 1148, 1150 (11th Cir.2001). While Federal Rules of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 n. 3, 167 L.Ed.2d 929 (2007). In order to survive a motion to dismiss, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 1964–65. The Plaintiff must have "nudged [its] claims across the line from conceivable to plausible." *Id.* at 1960. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007) (citing *Bell Atl.*, 127 S.Ct. at 1965) (internal quotations omitted)).

■ The pleading requirements are different for certain matters. Federal Rules of Civil Procedure 9(b) provides that in "alleging fraud ... a party must state with particularity the circumstances constituting fraud...." In order to comply with the requirements of Rule 9(b), Plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (quoting

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997)).

## IV. Discussion

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

 As a threshold matter, I address Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant claims that Plaintiff is in fact not the owner of the trademarks and copyright as alleged in the Complaint. Specifically, Defendant claims that the trademarks and copyright were registered by TracFone Wireless, Inc. (Florida), not the Plaintiff corporation TracFone Wireless, Inc. (Delaware). In support, Defendant points to two facts: (1) the representation in Plaintiff's Response to the Motion to Dismiss for Failure to State a Claim that on August 31, 2007, the Florida corporation assigned all its intellectual property rights to the Delaware corporation [DE 25 at 8–9]; and (2) that independent discovery by Defendants reveals that on August 31, 2007, the Florida corporation converted into a limited liability corporation named TracFone Wireless, LLC [DE 28–2].[1] Defendants argue that under Florida law, "[w]hen a conversion [of a domestic corporation into another business entity] becomes effective: [t]he title to all real property and other property, or any interest therein, owned by the domestic corporation at the time of its conversion into the other business entity remains vested in the converted entity. . . ." Fla. Stat. § 607.1114(2). Therefore, Defendants argue that on August 31, 2007, the owner of the intellectual property rights at issue was the converted entity TracFone Wireless, LLC, and TracFone Wireless, Inc. (Florida) could not have assigned the intellectual property rights to Plaintiff.[2]

Plaintiff does not dispute that the intellectual property rights initially belonged to the Florida corporation, but argues that the intellectual property rights belong to Plaintiff pursuant to the General Intellectual property Assignment agreement between the Florida and Delaware corporations, also signed on August 31, 2007.[3] Plaintiff contends that the assignment of the intellectual property rights took place before the Florida corporation was converted into a limited liability corporation, a new and different business entity. In support, Plaintiff offers the declaration of Jill C. Garcia, Plaintiffs Senior Vice President Quality & Assurance [DE 26–6]. Ms. Garcia attests that the Florida corporation transferred the Florida corporation's assets, including all intellectual property rights, prior to executing the Certificate of Conversion. *Id.* at ¶ 2(b). The conversion therefore had no bearing on ownership of the intellectual property rights because the Florida corporation no longer had ownership of them. Further, Plaintiff submits a public governmental record from the U.S. Copyright Office that indicates that Trace-

---

1. Where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279–80 (11th Cir.2009).

2. Defendants further offer evidence that the Florida limited corporation, through a series of corporate restructuring, is now AMX USA Holdings, S.A. de C.V., a Mexican corporation [DE 22, at 4–5].

3. The intellectual property rights, as defined in this agreement, encompasses patents, trademarks, copyrights, trade secrets and confidential information, and all items described in Schedule A of the agreement. Schedule A references a comprehensive list of trademarks and lists the copyright of the TracFone Prepaid Software. A conclusion by this Court that the assignment was not effective would divest this Court of subject matter jurisdiction over all of Plaintiff's federal trademark and copyright claims.

Fone Prepaid Software copyright is owned by Plaintiff, the Delaware corporation [DE 26–2].

Defendants offer no legal support for their position that under these circumstances, the conversion must be viewed as taking precedence over the assignment of assets that took place on the same day. Indeed, Fla. Stat. § 607.1114(2) has not been cited once in Florida courts or in the courts of the Eleventh Circuit. Defendants have further not offered any factual support for their argument that the assignment of intellectual property rights could not have been effective. Rather, the only evidence in the record is the declaration by Jill Garcia that clearly evinces the intention of the Florida corporation to assign its intellectual property rights to Plaintiff before it was converted to a new business entity. *See Hinote v. Brigman,* 44 Fla. 589, 33 So. 303, 305–06 (1902) ("if the party sought to be charged intended to close a contract prior to the formal signing of a written draft, or if he signified such an intention to the other party, he will be bound by the contract actually made, though the signing of the written draft be omitted. If, on the other hand, such party neither had nor signified such an intention to close the contract until it was fully expressed in a written instrument and attested by signatures, then he will not be bound *until the signatures are affixed.*")

(emphasis added). As there is no evidence that there was an intent for the conversion to take place prior to the time it was executed, I find that the evidence in the record indicates the assignment was consummated and therefore took effect prior to the conversion. Accordingly, Plaintiff is the owner of the trademarks and copyright at issue in this action and subject matter jurisdiction is proper.[4]

**B. Motion to Strike Improper Allegations**

■ Defendants have further filed a Motion to Strike Improper Allegations [DE 32], in which Defendants seek to strike certain portions of the Complaint. Without reciting the litany of Defendants' complaints about specific paragraphs and words used in the Complaint, it suffices to say that Defendants take issue with the argumentative tone of the Complaint, certain legal conclusions it contains, and several factual recitations that are irrelevant, redundant, or otherwise prejudicial. They further contend that the Complaint is a "shotgun" pleading and that the fictitious Defendants in this action, "John Does 1–50" and "XYZ Companies 1–50" should be stricken.

■ The Court has broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *Sakolsky v. Rubin Memorial Chapel, LLC,* 2007

---

4. This dispute between the parties is the subject of Plaintiff's Motion for Rule 11 Sanctions [DE 35]. Rule 11 provides for sanctions where a party presents a pleading that causes unnecessary delay or needlessly increases the cost of litigation, or a pleading that contains legal contentions not warranted by existing law. Fed.R.Civ.P. 11(c)(2). Plaintiff claims that Defendants' position as to subject matter jurisdiction was frivolous and unsupported by the law. Specifically, Plaintiff represents that it explained to counsel for Defendants the circumstances surrounding the assignment of the intellectual property rights to Plaintiff and requested Defendants to withdraw their Mo-

tion. The Defendants' position is without merit, and these circumstances present a close call as to whether imposition of sanctions would be appropriate. Defendants fail to recognize or address, either in their pleadings or at oral argument, that the crux of the question here is whether the assignment took place prior to the conversion becoming effective. The sole reliance on Fla. Stat. § 607.1114(2) is insufficient. However, because it is at least a colorable argument, I do not find it so frivolous or unsupported by law to warrant the imposition of sanctions. The Motion for Rule 11 Sanctions is accordingly denied.

WL 3197530, *2 (S.D.Fla. Oct. 26, 2007); *see Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D.Fla.2005). Rule 12(f) provides, "[t]he court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed. R.Civ.P. 12(f)(2) (emphasis added). Plaintiff's claim that as an initial matter that this Motion is untimely under Rule 12(f) is without merit; despite the fact that this Motion was filed over four months after the Complaint, it was timely filed before a responsive pleading to the Complaint was filed.

■ Nevertheless, I conclude Plaintiff's position that is well-founded. Relief under Rule 12(f) is granted sparingly and generally disfavored by courts. *Agan v. Katzman & Korr, P.A.,* 328 F.Supp.2d 1363, 1367 (S.D.Fla.2004). As this Circuit has held, a motion to strike a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962); *Exhibit Icons, LLC v. XP Companies, LLC,* 609 F.Supp.2d 1282, 1300 (S.D.Fla.2009) (same). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *BB In Technology Co., Ltd. v. JAF, LLC,* 242 F.R.D. 632, 641 (S.D.Fla.2007) (quotations omitted); *In re Southeast Banking Corp. Sec. & Loan Loss Reserves Litig.,* 147 F.Supp.2d 1348, 1355 (S.D.Fla.2001). Here, Defendants have not made any showing that any particular word, recitation, or allegation conforms to this standard. The only portions of the Complaint that Defendants have identified as having no possible relation to the controversy is Plaintiffs reference to

application for a trademark for Safelink Wireless [DE 1, ¶ 24(i) ], which appears nowhere else in the Complaint. This factual recitation can hardly be deemed prejudicial to Defendants, and in fact does only a disservice to Plaintiff by causing confusion. I conclude that all other portions of the Complaint at issue have some possible relation to the controversy and therefore will also not be stricken. Defendants will the opportunity to deny the factual and legal assertions in the Complaint.

■ Finally, the inclusion of the fictitious Defendants is proper. As a general rule, the use of "John Doe" to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *McDermott v. Brevard County Sheriff's Office,* 2007 WL 948430, at *3 (M.D.Fla. March 27, 2007); *see also Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir.1992) (holding that use of unnamed defendant is proper where discovery would uncover defendant's identity). Defendants' mere assertion that Plaintiff should have discovered the identities of these defendants "by now" is not a sufficient ground to strike. Accordingly, the Motion to Strike Improper Allegations is denied.

C. Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss all eleven counts of the Complaint. The counts are as follows: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) unfair competition in violation of 15 U.S.C. § 1125(A); (3) contributory trademark in-

fringement; (4) copyright infringement in violation of 17 U.S.C. § 106; (5) circumvention of copyrighted software protection system in violation of 17 U.S.C. § 1201; (6) trafficking in circumvention technology in violation of 17 U.S.C. § 1201; (7) breach of contract; (8) tortious interference with a contractual right; (9) unfair competition and false advertising in violation of Fla. Stat. § 501.204; (10) civil conspiracy; and (11) unjust enrichment. I address the each of the Counts in turn.[5]

### 1. Counts I, II and III

██ Under the Lanham Act, the claims of trademark infringement and unfair competition is predicated on the unauthorized use of the mark likely causing confusion in connection with the sale of goods and services or the sponsorship or approval of goods and services. 15 U.S.C. § 1114(1); 15 U.S.C. § 1125(a).[6] To prevail on a claim of unauthorized trademark use under the Lanham Act, a plaintiff must demonstrate that (1) it has a valid, protectable mark and (2) Defendant's use of the mark is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1); *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir.1997). To pre-

vail on a claim of unfair competition under the Lanham Act, Courts look to certain factors to determine if the defendant's use of the mark is likely to "cause confusion, cause mistake, or to deceive" as to the product's association or affiliation with another entity. Courts in the Eleventh Circuit consider (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the similarity between the products and services offered by the plaintiff and defendant; (4) the similarity of the sales methods; (5) the similarity of advertising methods; (6) the defendant's intent, e.g., does the defendant hope to gain competitive advantage by associating his product with the plaintiffs established mark; and (7) actual confusion. *Alliance Metals, Inc. of Atlanta v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir.2000).

Defendants' only challenge to the claims of trademark infringement and unfair competition is that their alleged conduct causes no likelihood of confusion because the specialty phones are being resold without the TracFone or Net10 trademarks. Without the trademarks, there can be no confusion. In reliance, Defendants point to an affidavit [DE 17–3] which was filed in a different case in the Southern District of

---

**5.** Counts VII–XI are state claims, and I exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.".

**6.** 15 U.S.C. § 1114(1) provides in relevant part: "Any person who shall, without the consent of the registrant(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services

on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive shall be liable in a civil action by the registrant for the remedies hereinafter provided...."

15 U.S.C. 1125(a)(1)(A) provides in relevant part: "Any person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device ... which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Florida (Case No. 07–CIV–23348–MGC). The affidavit provides that Incomtel, a bulk retail purchaser and reseller of phones from whom Defendants are alleged to have illicitly bought the specialty phones, "does not resell any modified wireless handsets that bear on the product or its resale package the TracFone marks as defined in the Complaint." [DE 17–3 at ¶ 11]. This affidavit not only constitutes improper extrinsic evidence that should be excluded from consideration in resolving the Motion to Dismiss, but it is utterly irrelevant.[7] First, regardless of what Incomtel may have done to the specialty phones prior to reselling them to Defendants, Plaintiffs have alleged that *Defendants* resold the phones "under TracFone's trademarks"—a reasonable inference is that Defendants deliberately affixed Plaintiffs trademarks to resell the phones "at a premium." [DE 1 at ¶ 17]. Second, Plaintiff does not allege that Defendants acquire the specialty phones *exclusively* through Incomtel, so Incomtel's conduct has no bearing on other aspects of Defendants' alleged misconduct. Defendants' arguments as to dismissal of Counts I and II lack merit. As Defendants object to Count III only on the premise that Counts I and II should be dismissed, I conclude Counts I, II and III may proceed.

### 2. Count IV, V and VI

 Defendants move to dismiss Plaintiffs claim of copyright infringement on the basis that it did not provide the specific subsection under Title 17 pursuant to which it seeks redress, thereby depriving Defendants of "fair notice of what the claim is the grounds upon which it rests." [DE 17 at 5]. This argument is wholly without merit. As discussed above, the liberal pleading standards set forth by the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiff has asserted that it has exclusive rights to the federally copyrighted TracFone Prepaid Software pursuant to 17 U.S.C. § 106 and has adequately alleged that Defendants violated Plaintiff's exclusive right by creating unauthorized reproduction and derivative versions of the TracFone Prepaid Software. Defendants were therefore given fair notice as to the nature of the claim and the grounds upon which it rests. Further, a cursory review of Title 17 reveals that it provides in section 501(a), a section entitled "Infringement of copyright," that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright[.]" 17 U.S.C. § 501(a). Accordingly, Defendants' motion to dismiss Count IV is denied.

In Counts V and VI, Plaintiff asserts violations of 17 U.S.C. § 1201 based on allegations that Defendants took steps to circumvent the TracFone Prepaid Software, which controls access to a work protected under Title 17. Defendants' sole objection to these two counts is that Plaintiff "had no valid copyright when the cell phones at issue were manufactured and/or the purported infringement occurred." [DE 17 at 6]. As discussed earlier in the

---

7. It is well-settled that extrinsic evidence cannot be considered when resolving a motion to dismiss for failure to state a claim. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir.2003); *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342 (11th Cir.1999); *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984). However, certain exceptions, none of which exist here, exist. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) (a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed) (internal citations omitted).

context of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff is the owner of the intellectual rights as assigned to it by TracFone Wireless, Inc. (Florida), including the TracFone Prepaid Software copyright. Defendants' arguments are without merit, and Count V and VI may proceed.

### 3. Count VII and VIII

■■■ Defendants move to dismiss Count VII for breach of contract on the basis that they are not parties to any contract with Plaintiff or otherwise in contractual privity with Plaintiff. They are mistaken. While Defendants are certainly correct that a claim for breach of contract requires a defendant to be a party to or in privity with a contract, they ignore Plaintiff's allegation that they purchased specialty phones in their original packaging for which terms and conditions for their use apply. [DE 1 at ¶¶ 27–31]. Specifically, Plaintiff alleges that the outside retail packaging of the specialty phones contains conspicuous language restricting the use of the phones for TracFone Prepaid Wireless service and prohibits the consumer from tampering or altering the software or hardware in the phone. The language provides in part "[b]y purchasing or opening this package, you are agreeing to these terms and the terms and conditions of service in the enclosed user guide." *Id.* at ¶ 28. Florida law provides that "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Fla. Stat. § 672.204(1) (adopting U.C.C. 2–204). This statute has been interpreted to include so-called "shrinkwrap contracts" such as the one at issue, where an agreement becomes effective as soon as a customer opens the product. *Salco Distributors, LLC v. iCode, Inc.*, 2006 WL 449156, *2 (in Florida and the federal circuits, shrinkwrap and clickwrap agreements are valid and enforceable contracts); *Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.*, 743 So.2d 627 (Fla.Dist.Ct.App.1999) (discussing the enforceability of a forum selection clause contained in a license agreement affixed to the outside of the software packaging where packaging displayed a sticker that provided "[by] opening this packet, you indicate your acceptance of the [plaintiffs] license agreement."). Accordingly, Count VII may proceed on the basis that an enforceable contract exists between the parties as to Defendants' use of the specialty phones.

■■■ Although Defendants attempt to dismiss Counts VIII for tortious interference with business relations on the same basis as Count VII, Defendants mistakenly view to Count VIII as "sounding in contract" [DE 17 at 6]. Count VIII, however, is a common law action sounding in tort and one that does *not* require Defendants to have contractual privity with Plaintiff, only that Defendants interfered with Plaintiffs contractual rights with a third party. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla.1985) (a tortious interference claims requires (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship). Therefore, Defendants have not offered any valid basis for dismissal of Count VIII.

### 4. Count IX

■■■ Plaintiff advances a claim under the Florida Deceptive Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, in Count IX. A claim under FDUTPA for damages requires a plaintiff to demonstrate that it was ag-

grieved by an act or practice that constitutes a "violation of this part" and that as a result it "suffered a loss." Fla. Stat. § 501.211(2). Engaging in trademark infringement is an unfair and deceptive trade practice that constitutes a "violation of this part." *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F.Supp.2d 1110, 1114 (S.D.Fla.2007) (citations omitted); *Laboratorios Roldan v. Tex Int'l, Inc.*, 902 F.Supp. 1555, 1569–70 (S.D.Fla. 1995) (explaining that intentionally palming off or passing off products is the type of behavior which FDUTPA was meant to protect against). Furthermore, Plaintiff has alleged it was aggrieved by the trademark infringement by pleading that consumer confusion has been a threat to and undermined the reputation of its business. It has further alleged that it suffered a loss by asserting that Defendants' conduct has led to lost profits for Plaintiff because it is unable to secure revenue from users of the specialty phones who do not buy airtime cards for use on the TracFone wireless network.[8] [DE 1 at ¶¶ 22, 23, 38]. Accordingly, the motion to dismiss Count IX is denied.

### 5. Count X

Defendants move to dismiss Count X for civil conspiracy. In Florida, "[a] civil conspiracy requires an agreement between two or more parties to do an unlawful act or to do a lawful act by unlawful means, the doing of some overt act in pursuance of the conspiracy, and damage to plaintiff as a result of the acts done under the conspiracy." *Charles v. Fla. Foreclosure Placement Center, LLC*, 988 So.2d 1157, 1159–60 (Fla.Dist.Ct.App. 2008). Defendants object to this claim, arguing that Plaintiff has not alleged any "underlying tort or wrong." [DE 17 at 8].

This argument is without merit. The Complaint amply alleges an agreement among Defendants and other co-conspirators to engage in the unlawful infringement of Plaintiffs trademarks and copyright by bulk purchasing specialty phones for the purpose of rewiring and reselling them, that the conspirators took steps to commit these unlawful practices, and that that TracFone was injured by the conspiracy. [DE 1 at ¶¶ 57–63]. Defendants' argument is without basis and their motion to dismiss Count X is denied.

### 6. Count XI

Defendants acknowledge that three elements are required to state a claim for unjust enrichment: (1) plaintiff conferred a benefit on the defendant and their knowledge of such a benefit, (2) the defendant voluntarily accepted and retained the benefit, and (3) that circumstances would make it inequitable for the defendant to retain the benefit without just compensation. *Nova Information Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1006–07 (11th Cir.2004). Defendants contend that Plaintiff has not alleged it conferred any benefit on Defendant. However, a review of the Complaint reveals that Plaintiff alleges it conferred a benefit on Defendants by selling the specialty phones to customers, including Defendants, at a subsidized price, with the expectation that Plaintiff will benefit once the customer begins using the phone. [DE 1 ¶ 16, 22, 131].

Courts have held that a claim for unjust enrichment, a form of equitable relief, cannot stand if an express contract exists. *Morris v. ADT Sec. Services*, 580 F.Supp.2d 1305, 1312–13 (S.D.Fla.2008)

---

8. Defendants argue, similar to their arguments regarding Plaintiff's trademark infringement claims, that based on the affidavit filed in the Incomtel proceeding, no consumer was deceived into thinking he received a specialty phone. As discussed above, this argument is without merit and rejected.

1366

(claim for unjust enrichment may proceed where plaintiff has not asserted a claim based on an express contract); *Goldberg v. Chong,* 2007 WL 2028792, \*9 (S.D.Fla. Jul. 11, 2007) (same). Although Plaintiff has alleged a breach of contract claim which I have concluded can proceed, it would be premature to dismiss Plaintiff's count for unjust enrichment in this case. *Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc.,* 982 F.Supp. 873, 880 (S.D.Fla.1997) (Until an express contract is proven, however, a motion to dismiss a claim for unjust enrichment is premature). Here, on the face of the Complaint, Plaintiff's allegations of unjust enrichment encompass specialty phones allegedly bought by Defendants that are not necessarily subject to the "shrinkwrap" agreements that form the basis of Plaintiffs count for breach of contract, where the Complaint alleges that Defendants not only bought specialty phones from retail stores, but from bulk resellers [DE 1 at ¶¶ 42, 43]. While one court has held that where it is unclear from a complaint that there is an inadequate remedy at law, the failure to clearly allege unjust enrichment on the basis of an inadequate legal remedy will warrant dismissal, *Martinez v. Weyerhaeuser Mortg. Co.,* 959 F.Supp. 1511, 1518–19 (S.D.Fla. 1996), I conclude that reasonable inferences drawn from the Complaint demonstrate there may be an inadequate remedy at law as to some of Defendant's alleged misconduct. Therefore, the motion to dismiss Count XI is denied. I note, however, that I have concluded that a contract exists between Plaintiff and Defendants where the phones at issue have shrinkwrap agreements. Under prevailing law, recovery for unjust enrichment for conduct as to those phones cannot be permitted, even if the contract ultimately does not provide a recovery to Plaintiff. Accordingly, it is hereby

ORDERED and ADJUDGED that

1. The Motion to Dismiss for Failure to State a Claim [DE 17] is DENIED.

2. The Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 22] is DENIED.

3. The Motion to Strike Improper Allegations [DE 32] is DENIED.

4. The Motion for Rule 11 Sanctions [DE 35] is DENIED.