Monique L. WILLIAMS, an
individual, Plaintiff,

v.

DELRAY AUTO MALL, INC., a Florida
corporation, FGAP Investment Corp., A
Florida corporation, and Franz Menardy, an individual, Defendants.

No. 12–14291–CIV.

United States District Court,
S.D. Florida,
Miami Division.

May 20, 2013.

Robert W. Murphy, Fort Lauderdale, FL, for Plaintiff.

Kevin H. Fabrikant, Esq., Miami, FL, for Defendants.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Plaintiff MONIQUE L. WILLIAMS' Motion to Dismiss First Amended Counterclaim or, Alternatively, to Strike. [D.E. 51].

**THE COURT** has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff, Monique L. Williams ("Plaintiff" or "Williams"), alleges that on or about December, 2008, Williams purchased a new 2009 Jaguar XF automobile ("Vehicle" or "Jaguar") from a local dealership. According to Plaintiff, on or about May 26, 2012, Williams went to the place of business of Delray Auto Mall ("Delray") for the purpose of inquiring of Delray as to whether Williams could obtain a loan from Delray using the Jaguar as collateral. The Plaintiff's Complaint alleges that Delray through Franz Menardy ("Menardy") represented that Delray would be able to provide Williams with an unspecified amount of money as a loan using the Jaguar as collateral. Plaintiff alleges that even though it was not clear to Williams how much money she would actually receive from Delray, Williams agreed to enter into a loan transaction with Delray. The Complaint alleges that Delray then instructed Williams to transfer the Jaguar to Delray, which would then "resell" the Jaguar back to Williams. Plaintiff alleges that as a part of this sequence of events, on the same day, Williams executed and delivered various documents to effectuate the transfer from Williams to Delray and from Delray to Williams ("Buy Back Documents"). Plaintiff alleges that as part of the Buy Back Documents, Delray presented a document to Williams entitled "Bill of Sale" ("Purchase and Finance Agreement"), which Williams executed and delivered to Delray. The Complaint alleges that subsequent to the execution of the Purchase and Finance Agreement by Williams, Delray transferred and/or assigned same to FGAP Investment (FGAP). The Complaint alleges that such a transaction constitutes concealed usury lending.

On March, 13, 2013, Delray, FGAP, and Menardy ("Defendants") filed an amended counterclaim ("First Amended Counterclaim") against Plaintiff, alleging: Unjust Enrichment (Count I); Breach of Contract (Count II); Fraud in the Inducement (Count III); Fraudulent Misrepresentation (Count IV); and Account Stated (Count V). [D.E. 47 and 48]. In support of these claims, Defendants presented before the Court ten (10) exhibits marked "A" through "J" respectively. In the First Amended Counterclaim, specifically in Count II and Count V, Defendants referenced Exhibit "K" but failed to file the same.

On March 22, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff moved to dismiss the First Amended Counterclaim, contending that Plaintiff was unable to adequately respond, until the referenced exhibit was properly filed. [D.E. 51]. Plaintiff alleges that all other exhibits are evidentiary. Plaintiff further contends that these exhibits are unnecessary and excessive and moves to dismiss on these grounds, or in the alternative, to strike the unnecessary exhibits, pursuant to Federal Rule of Civil Procedure 12(f).

On April 05, 2013, Defendants filed Exhibit "K" with the Court. [D.E. 53]. In response to Plaintiff's motion, Defendants argue that the Motion to Dismiss premised on Defendants' failure to file Exhibit "K" is now moot. Defendants further contend that the court should not strike any of the proffered exhibits because they have been properly incorporated into the Counterclaim as "writings" under Rule 10(c).

On April 08, 2013, Plaintiff replied to Defendants' response. [D.E. 56 and 57]. Plaintiff contends that Exhibit "K" contains personal information which should be redacted pursuant to Federal Rule of Civil Procedure 5.2. Plaintiff further contends that Exhibit

"K" is unnecessary and that the Counterclaim should be dismissed.

## II. LEGAL STANDARD

### A. Failure to State a Claim Legal Standard

A complaint must contain a short, plain statement demonstrating an entitlement to relief, and it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 2507, 168 L.Ed.2d 179 (2007) (internal citation and quotation marks omitted). In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is generally limited to the four corners of the complaint and documents attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, (2009) (internal citation and quotation marks omitted).

### B. Motion to Strike Legal Standard

■ "A 'court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Nash v. O.R. Colan Group, LLC*, No. 12–60759–CIV, 2012 WL 4338817, *1 (S.D.Fla. Sept. 20, 2012) (citing Fed.R.Civ.P. 12(f)). "However, '[a] motion to strike is a drastic remedy,' which is disfavored by the courts." *Id.* (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F.Supp.2d 1345, 1348 (M.D.Fla.2002)). A plaintiff has a right "to make [a] copy of a written instrument that is an exhibit to a pleading ... a part of the pleading for all purposes." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir.2010) (internal citation and quotation marks omitted).

### C. Redaction Legal Standard

Pursuant to Federal Rule of Civil Procedure 5.2(a), an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, must be redacted. FED. R.CIV.P. 5.2(a). This District has further urged filers within the district to exercise caution when filing documents that contain a driver's license number, employment history, or individual financial information. CASE MANAGEMENT ELECTRONIC CASE FILING CM/ECF ADMINISTRATIVE PROCEDURES SOUTHERN DISTRICT OF FLORIDA, § 6B (2011).

## III. DISCUSSION

### A. Failure to State a Claim

Plaintiff argues that Defendants have failed to state a claim for which relief can be granted because Defendants failed to file a material exhibit with the Court which was referenced in Defendants' First Amended Counterclaim [D.E. 47 and 48]. In response, Defendants filed the missing exhibit. [D.E. 53]. Plaintiff then abandoned its failure to state a claim argument and rested its motion solely on its contention that the exhibits proffered by the Defendants are excessive and unnecessary. Thus the Court need not resolve this issue.

### B. Excessive and Unnecessary Exhibits

■ Plaintiff argues that Defendants' First Amended Counterclaim should be dismissed because Defendants have filed excessive and unnecessary exhibits with the Court. This Court does not agree. Plaintiff fails to convince the Court that the exhibits are unnecessary. Further, even if the Court were to find the exhibits to be unnecessary, a dismissal is an improper form of relief.

■ Pursuant to Federal Rule of Civil Procedure 12(f), "a 'court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Nash*, No. 12–60759–CIV, 2012 WL 4338817, *1 (citing FED.R.CIV.P. 12(f)). A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials. *See Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10–cv–44–Orl–19GJK, 2010 WL

2367227, *1 (M.D.Fla. June 14, 2010) (noting that motions to strike are used to avoid unnecessary forays into immaterial matters). However, motions to strike are not an appropriate form of dismissal of a complaint. *See id.* Plaintiff cites *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir.1985), which Plaintiff contends gives a district court "discretion to dismiss a claim due to a party's excessive attachment of unnecessary exhibits." [D.E. 51] at 6. The Plaintiff misstates *Hatch.* In *Hatch,* the court ruled that the district court did not abuse its discretion in dismissing the plaintiffs' complaint. *Hatch,* 758 F.2d at 415. However, the court's dismissal in *Hatch* was not due to the party's excessive attachment of unnecessary exhibits, as Plaintiff asserts, but rather, due to the district court's determination that the plaintiffs' complaints were confusing and conclusory. *Id.* Accordingly, Plaintiff's Motion to Dismiss Defendants' First Amended Counterclaim is DENIED.

■■■ In the alternative, Plaintiff contends that exhibits within the Defendants' First Amended Counterclaim should be stricken. However, this argument also fails. Here, the Defendants have incorporated Exhibits A–K, respectively, by reference within the complaint. Additionally, the Defendants have attached the exhibits to the complaint. "Relief under Rule 12(f) is granted sparingly and generally disfavored by Courts." *Tracfone Wireless, Inc. v. Access Telecom, Inc.,* 642 F.Supp.2d 1354, 1361 (S.D.Fla.2009) (internal citation and quotation marks omitted). A motion to strike will usually be denied unless the material has no possible relation to the controversy and may cause prejudice to one of the parties. *See id.* Plaintiff has failed to make any showing that any of the exhibits meet this standard. Further, the Court finds that the exhibits do have some possible relation to the controversy and have no prejudicial effect.

### C. Redaction of Personal Information

■■ Plaintiff argues that Exhibits A–K, respectively, should be redacted because they contain personal identifying information. The Court agrees in part.

Plaintiff specifically moves to strike Exhibit A, Exhibit B, Exhibit G, Exhibit H, and Exhibit K because they contain Plaintiff's personal information. Defendants have filed redacted copies of Exhibits A–J, respectively. With the exception of Exhibit G, all personal information was fully redacted from Exhibits A–J, respectively. Defendants, however, failed to fully redact Exhibit G, which still contains Plaintiff's Driver's License number.

Plaintiff asserts that Exhibit K contains Plaintiff's 1) Date of Birth, 2) Social Security Number, 3) Driver's License Number, and 4) Earnings History. Pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff's Date of Birth and Social Security Number must be redacted. FED.R.CIV.P. 5.2(a). In regards to the Driver's License Number and the Earnings History of the Plaintiff, the ECF Administrative Procedures urge the·filer to exercise caution when filing a document containing this information. CASE MANAGEMENT ELECTRONIC CASE FILING CM/ECF ADMINISTRATIVE PROCEDURES SOUTHERN DISTRICT OF FLORIDA, § 6B (2011). Redaction of this material is not a requirement, and the decision is left with the filer to make an informed decision as to whether to include or redact the information.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss First Amended Counterclaim or, Alternatively, to Strike [D.E. 51] is **GRANTED IN PART AND DENIED IN PART.**

2. Plaintiff's Motion to Dismiss is **DENIED.**

3. Plaintiff's Motion to Strike Exhibits A, B, C, D, E, F, H, I, and J, respectively, is **DENIED.**

4. Plaintiff's Motion to Strike Exhibit G and Exhibit K, is **GRANTED.**

5. Plaintiff's Motion to Dismiss Counterclaim [D.E. 43] and Motion to Strike Affirmative Defenses [D.E. 44] are **DENIED** as moot.

6. Defendants are granted leave to re-file Exhibits G and K, with redactions as out-

lined above, within 10 days of this OR-
DER.